February 13, 2018

<u>VIA ECF</u>

The Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:   *Nypl v. JPMorgan Chase & Co.*,
           <u>No. 15 Civ. 9300 (LGS) (S.D.N.Y.)</u>

Dear Judge Schofield:

    The undersigned Non-Foreign Defendants write in response to the *Nypl* Plaintiffs' February 8, 2018 letter (ECF No. 277), as permitted by the Court in its February 12, 2018 Order (ECF No. 279).  In their February 8 letter, Plaintiffs "object to Defendants' offering of Bank of America's Foreign Exchange Rate FAQ and Citi's FAQ" concerning how foreign exchange rates are set for credit, debit, and ATM card transactions and ask the Court to refer to Visa's and MasterCard's rules.  Plaintiffs' "objection" does not support the requested discovery for the following reasons.

    *First*, contrary to Plaintiffs' assertion, the FAQs do not "differ" from Visa's and MasterCard's rules.  The FAQs state that "[t]he exchange rate for international purchases and foreign ATM transactions is set by Visa or MasterCard, depending on your card's logo," and the rules for Visa and MasterCard likewise state that the foreign exchange rate is "selected by Visa" or "selected by the Corporation [which is defined as MasterCard]."  The Visa and MasterCard rules thus support the Non-Foreign Defendants' position that credit, debit, and ATM card transactions are not relevant to (or plausibly included in) Plaintiffs' claims because Defendants do not set the rates.

    *Second*, contrary to Plaintiffs' suggestion, Visa's and MasterCard's rules do not state that they use the WM/Reuters or European Central Bank benchmarks to set foreign exchange rates for credit, debit, and ATM card transactions.  Rather, Visa's and MasterCard's rules state that they set the foreign exchange rates for those transactions based on either a "government-mandated rate" or "a range of rates available in wholesale currency markets."  Plaintiffs do not allege in their complaint that Visa or Mastercard set foreign exchange rates based on FX benchmarks that Plaintiffs claim were manipulated by Defendants.

    *Third*, Plaintiffs' statement that the Non-Foreign Defendants make a "plus or minus adjustment" to the foreign exchange rates set by Visa and MasterCard rates ignores what is stated in Visa's and MasterCard's rules.  Those rules state that the banks that issue the credit, debit, or ATM cards can charge a "fee" in addition to the foreign exchange rate set by Visa or MasterCard.  The fee charged by the issuing banks is separate from the foreign exchange rate set

The Honorable Lorna G. Schofield                                                                                  -2-
February 13, 2018

by Visa and Mastercard, and it has nothing to do with the FX benchmarks that Plaintiffs allege were manipulated.[1]

*Finally*, and most importantly, the Court need not address any of the factual matters in Plaintiffs' letter at this—or any—juncture, because they have nothing to do with the case Plaintiffs pleaded. Plaintiffs' letter does not dispute that the Third Amended Complaint ("TAC") never mentions credit, debit, and ATM card transactions, much less allege any connection between those transactions and the FX benchmarks allegedly manipulated by Defendants. Instead, the TAC and Plaintiffs' description of their claims have focused exclusively on the purchase of physical foreign currency at Defendants' retail branches in the United States. *See*, ECF Nos. 1, 9, 94, and 190. Credit, debit, and ATM card transactions simply are not, and never have been, part of the *Nypl* case. For that reason alone, the Court should reject Plaintiffs' attempt to compel burdensome discovery into these matters.

For these reasons, and the reasons set forth in their January 30, 2018 letter, the Non-Foreign Defendants respectfully submit that Plaintiffs' request to compel production of documents under an overbroad definition of retail FX transactions should be denied.

---

[1]   Bank of America's FAQs state that "[e]ach time you use your Bank of America ATM or debit card in a foreign ATM or use your credit card with a foreign merchant, an International Transaction Fee applies." *See* Bank of America, Foreign Exchange Rate FAQs, https://www.bankofamerica.com/foreign-exchange/foreign-exchange-rates-faq.go.

The Honorable Lorna G. Schofield                                                                -3-
February 13, 2018

                                                                                             Respectfully submitted,

| SULLIVAN & CROMWELL LLP | SHEARMAN & STERLING LLP |
|---|---|
| By:  /s/ Matthew A. Schwartz<br>      Matthew A. Schwartz | By:  /s/ Richard F. Schwed<br>      Adam S. Hakki<br>      Richard F. Schwed<br>      Jeffrey J. Resetarits |
| *Attorneys for Defendants Barclays PLC and Barclays Capital Inc.* | *Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.* |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | COVINGTON & BURLING LLP |
| By:  /s/ Boris Bershteyn<br>      Peter E. Greene<br>      Boris Bershteyn<br>      Tansy Woan<br>      Harry P. Koulos | By:  /s/ Andrew A. Ruffino<br>      Andrew A. Ruffino<br>      Alan M. Wiseman<br>      Thomas A. Isaacson<br>      Andrew D. Lazerow<br>      Jamie A. Heine |
| *Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.* | *Attorneys for Defendants Citicorp, Citigroup Inc. and Citibank N.A.* |

LOCKE LORD LLP

By: /s/ Roger B. Cowie
      Roger B. Cowie
      Gregory T. Casamento
      J. Matthew Goodin
      Julia C. Webb

*Attorneys for Defendants HSBC Bank USA, N.A. and HSBC North America Holdings, Inc.*