August 17, 2018

VIA ECF

The Honorable Lorna G. Schofield
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

   Re: *Nypl v. JPMorgan Chase & Co.*, No. 15 Civ. 9300 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

  Pursuant to this Court's August 3, 2018 Order (ECF No. 336), Defendants respectfully submit this opposition to Plaintiffs' Corrected Letter Motion for Reconsideration ("Motion for Reconsideration"). (ECF No. 333.)

  On March 7, 2018, Plaintiffs filed a letter motion in which they argued that their complaints included claims based on overseas transactions involving credit, debit, and ATM cards. (ECF No. 288 ("March 7 Letter").) Defendants opposed Plaintiffs' motion on multiple grounds, including that Plaintiffs never described or even referred to credit, debit, or ATM card transactions in any of their complaints and have repeatedly represented to this Court that Plaintiffs are consumers and businesses who purchased physical foreign currency at Defendants' retail branches in the United States. (ECF No. 301.) This Court then ruled that, for substantially the reasons set forth in Defendants' opposition, "Plaintiffs' position concerning the meaning of the term 'foreign currency retail transactions' in the TAC [*i.e.*, the Third Amended Complaint] is rejected, and Plaintiffs' motion for leave to amend is denied." (ECF No. 319 ("June 20 Order").)

  Plaintiffs now ask the Court to reconsider its June 20 Order. But Plaintiffs fail to identify any matter or controlling decision that this Court "overlooked," as required on a motion for reconsideration. *See* Local Civ. R. 6.3. Instead, Plaintiffs repeat the arguments they made in their March 7 Letter (ECF No. 288) and point for the first time to documents previously available to them—neither of which is a proper basis for reconsideration. Because Plaintiffs have not met the strict requirements of Local Rule 6.3, this Court should deny their Motion for Reconsideration. Furthermore, setting aside Plaintiffs' complete failure to address the standard for reconsideration, their repetition of arguments previously rejected by this Court does not provide any basis to alter this Court's prior decision.

  **I. Plaintiffs' Motion Provides No Basis for Reconsideration**

  Under Local Rule 6.3, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Kassman v. KPMG LLP*, No. 11 Civ. 3743 (LGS), 2015 WL 5775866, at *1 (S.D.N.Y. Oct. 2, 2015) (citations omitted). Courts grant motions for reconsideration only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). This standard is strict, and reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

resources." *Convolve, Inc. v. Compaq Computer Corp.*, No. 00-cv-5141 (GBD), 2005 WL 3358483, at *2 (S.D.N.Y. Dec. 7, 2005) (citations omitted).

Plaintiffs fail to meet their heavy burden of identifying any controlling decision or factual matter that this Court overlooked in its June 20 Order. Indeed, Plaintiffs' motion does not even cite Local Rule 6.3, let alone make any effort to meet the rule's requirements. Plaintiffs' motion should be denied for that reason alone. *See, e.g.*, *WestLB AG v. BAC Fla. Bank*, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) (reconsideration denied where movant "fails to even reference the stringent legal standard that must be met before this Court may grant a motion for reconsideration, and neither points to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice,' nor demonstrates that the Court 'overlooked controlling decisions or factual matters that were put before it on the underlying motion.'") (citations omitted).

Unable to identify anything that this Court overlooked, Plaintiffs repackage the arguments that they made in their March 7 Letter—arguments this Court has already rejected. Both the March 7 Letter and the Motion for Reconsideration assert—using almost identical language—that the TAC included credit, debit and ATM card transactions because:

1) references to "purchase" in the TAC implicitly include these transactions (*compare* ECF No. 288 at 1–2 *with* Mot. for Reconsideration at 1);

2) exchange rates charged to Plaintiffs for these transactions purportedly used wholesale benchmark exchange rates allegedly manipulated by Defendants (*compare* ECF No. 288 at 2 *with* Mot. for Reconsideration at 5);

3) Plaintiffs' purported expert, Carl Saba, allegedly found a correlation between benchmark exchange rates and rates used by Visa and MasterCard (*compare* ECF No. 288 at 2 *with* Mot. for Reconsideration at 5–6); and

4) Defendants allegedly advertised that wire transfers and credit, debit, and ATM cards could be used outside of the United States (*compare* ECF No. 288 at 2 *with* Mot. for Reconsideration at 3–4, 8 & n.1).

It is well settled, however, that a party cannot obtain reconsideration simply by repackaging the same arguments that a court previously considered and rejected. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (motion for reconsideration is "not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple"); *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) (reconsideration denied where movant "relies heavily on arguments set forth in its original reply brief and considered by the Court"). Plaintiffs' motion should be denied for this reason alone.

The Honorable Lorna G. Schofield
Page 3

## II. Plaintiffs Cannot Seek Reconsideration Based on New Material That Was Previously Available

Nor can Plaintiffs support their motion by relying, for the first time, on a "Federal Reserve Payments Study 2016" ("Payments Study"), which they attach to a declaration from Plaintiffs' counsel. *See* ECF No. 288 at 2–4, 8. The Payments Study does not provide a basis for reconsideration of the June 20 Order for multiple reasons:

*First*, Plaintiffs' submission of the Payments Study violates Local Rule 6.3, which prohibits affidavits and accompanying exhibits in support of motions for reconsideration without leave of Court. Because Plaintiffs here filed the Winters Declaration and accompanying exhibits (ECF No. 330, Ex. 1–5) in support of their motion for reconsideration without leave of Court, those documents should be stricken from the record, or at the very least, disregarded. *See, e.g.*, *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650 (RWS), 2013 WL 4082930, at *2 (S.D.N.Y. Aug. 7, 2013) (striking from the record attorney declaration and all exhibits thereto, relying on Local Rule 6.3); *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 520–21 (S.D.N.Y. 2000) (striking declaration and all attached exhibits as prohibited by Local Rule 6.3, explaining that a "motion for reconsideration is not the proper avenue for the submission of new material"); *Ramasamy v. Essar Glob. Ltd.*, No. 11 CIV. 3912 (JSR), 2012 WL 1681763, at *1 n.1 (S.D.N.Y. May 8, 2012) (refusing to consider plaintiff's declaration and accompanying exhibits in denying motion for reconsideration because they were filed in violation of Local Rule 6.3). Plaintiffs' counsel has prior experience with the local rule: Their attempts to submit new "studies" on a motion for reconsideration have previously been rejected as violations of Local Rule 6.3. *See Salveson v. JPMorgan Chase & Co.*, 166 F. Supp. 3d 242, 250 n.3 (E.D.N.Y.) (declining to consider declaration and exhibits filed by plaintiffs' counsel here in support of plaintiffs' motion for reconsideration as, among other things, prohibited by Local Civil Rule 6.3), *aff'd*, 663 F. App'x 71 (2d Cir. 2016) (summary order), *cert denied*, 137 S. Ct. 1826 (2017).

*Second*, even apart from Local Rule 6.3, it is well established that Plaintiffs cannot obtain reconsideration by citing documents on which they could have relied in their original motion. *See Harris v. Millington*, 613 F. App'x 56, 57 (2d Cir. 2015) (summary order) (reconsideration denied because "[e]ach of the facts and legal arguments Appellants relied on in the motion for reconsideration was available to them before the court" ruled); *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) (summary order) (reconsideration denied because, among other things, movant "sought to supplement the record, which is inappropriate on a motion for reconsideration"). As the Payments Study was released two years before the March 7 Letter, Plaintiffs had every opportunity to submit the study with their original papers, but did not.[1]

---

[1] Plaintiffs' reliance on legal authority not cited in their March 7 Letter also should be rejected because the cases were all decided prior to Plaintiffs' March 7 Letter, and thus Plaintiffs could have included them in the letter, but did not. *See* ECF No. 333 at 3. In addition, Plaintiffs' cases are inapposite. They do not address the scope of the alleged conduct—here, whether the complaint fairly put defendants on notice of claims concerning credit, debit, and ATM transactions—but rather only the separate question of whether anticompetitive conduct was plausibly alleged. *See, e.g.*, *Wacker v. JPMorgan*

The Honorable Lorna G. Schofield
Page 4

### III. Even Assuming New Material Could Be Considered, Which It Cannot, Plaintiffs Cannot Show That References To "Purchase" Include Overseas Credit, Debit, and ATM Transactions

Even if it were permissible to rely on a previously available document, the Payments Study does not in any way support Plaintiffs' position. In particular, Plaintiffs argue that the Payments Study "confirms" that their complaint's use of the term "purchase" should be read to include overseas foreign exchange transactions via credit, debit, and ATM cards. (Mot. For Reconsideration at 2.) But the Payments Study has nothing to do with the TAC or foreign exchange transactions at all—and, indeed, the Payments Study never mentions "FX" or "foreign exchange." (*See* ECF No. 330 Ex. A.) Instead, the Payments Study merely identifies "trends in noncash payments in the United States," and states the unremarkable conclusion that noncash payments (*i.e.*, payments through credit and debit cards) increased in the United States from 2012 to 2015. (*See id.* at 2.)

Moreover, the TAC did not cite, enclose, or in any way refer to the Payments Study (which was published prior to the filing of the TAC). It thus cannot be a basis for construing "purchase" in Plaintiffs' complaint or for informing the Court whether the complaint gave Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Likewise, Plaintiffs' references to Defendants' promotional materials for credit cards and card networks' operating rules—neither of which were incorporated into the TAC—do not support Plaintiffs' argument that their TAC includes anything other than purchases of physical currency.

Plaintiffs' allegations in the TAC concerning "their purchases of price-fixed foreign currency from Defendants" (ECF No. 190 ¶ 41) can only fairly be understood to include purchases of physical foreign currency. The words "credit card," "debit card," and "ATM" never appear in any of those complaints, nor is any named Plaintiff alleged to have engaged in any such transactions. Indeed, the complaint only alleges "purchases" of physical foreign currency made by Plaintiffs' counsel at the San Francisco retail branches of three Defendants. ECF No. 190 ¶¶ 60–66. Moreover, the purported "expert" declaration submitted in support of the complaint attempted to show a correlation only between the allegedly manipulated benchmarks and physical currency exchange rates offered at Defendants' retail branches. ECF No. 190-28. Conspicuously, that declaration made no attempt to show any correlation between the allegedly manipulated benchmarks and exchange rates for credit, debit, or ATM transactions—an inexplicable omission if those transactions were intended to be covered by the allegations. ECF No. 190-28.[2]

---

    *Chase & Co.*, 678 F. App'x 27, 29–30 (2d Cir. 2017) (summary order) (addressing whether plaintiffs' allegations plausibly stated claims); *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (same); *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (same).

[2]     Plaintiffs' recent submissions of an additional purported expert analysis pertaining to other transaction types only underscores that wire transfers and credit, debit and ATM

The Honorable Lorna G. Schofield
Page 5

Again, it bears emphasis that Plaintiffs' contention that their claims do not arise from "physical" transactions—and that the word "physical" is merely "Defendants' effort to recast" the allegations of Plaintiffs' complaint (ECF No. 333 at 1–2)—also flouts representations Plaintiffs have repeatedly made to this Court. When Defendants moved to stay this action based on the stay in *In re Foreign Exchange Antitrust Litigation*, No. 13 Civ. 7789 ("*FOREX*"), Plaintiffs explained that their putative class is limited to those who "take *physical* delivery of foreign currency" in transactions involving "*immediate* delivery" of that foreign currency. ECF No. 99 at 3 (emphasis added). And in their reply brief in further support of their motion for leave to file the TAC, Plaintiffs represented to this Court that "Plaintiffs paid the same Benchmark exchange rates in Plaintiffs' direct purchase of *physical* foreign currency from Defendants that Defendants manipulated in the alleged conspiracy to fix prices, plus a small handling fee." ECF No. 182 at 1 (emphasis added). Even earlier in this litigation, in opposing Defendants' motion to transfer, Plaintiffs sought to distinguish their case from *FOREX* by arguing that the *Nypl* action is one filed "on behalf of consumers, who purchased foreign currency for dollars at *their local banks*"—a characterization that plainly does not encompass credit card purchases abroad. ECF No. 40 at 2 (emphasis added). Plaintiffs cannot now in good faith disavow their own characterizations of the transactions giving rise to the alleged claims.

\*   \*   \*

In sum, Plaintiffs have not provided any basis for the Court to reconsider its correct conclusion that foreign exchange transactions involving credit, debit, and ATM card transactions are not, and never have been, part of this case.[3] Because Plaintiffs have not identified any matter or controlling decision that the Court overlooked in its June 20 Order, Plaintiffs' Motion for Reconsideration should be denied.

---

card transactions were not pleaded in the TAC. Moreover, even if Plaintiffs did allege that the exchange rates in those transactions bear some statistical connection to the allegedly manipulated foreign exchange benchmarks—which they have not done—that says nothing about who set those rates. Thus, they continue to fail to allege that Defendants (rather than the credit, debit and ATM card networks) set those rates.

[3] Plaintiffs' Motion for Reconsideration contends that their operative complaint should be read to include credit, debit and ATM transactions, and does not seek reconsideration of the portion of this Court's Order rejecting Plaintiffs' "alternative" request for leave to file the proposed fourth amended complaint. *See* ECF No. 288 (arguing for leave to amend in the alternative); ECF No. 319 ("Plaintiffs' motion for leave to amend is DENIED.").

The Honorable Lorna G. Schofield
Page 6

Respectfully submitted,

| | |
|---|---|
| SULLIVAN & CROMWELL LLP | SHEARMAN & STERLING LLP |
| By:  /s/ Matthew A. Schwartz<br>    Matthew A. Schwartz<br>    Matthew A. Peller | By:  /s/ Richard F. Schwed<br>    Richard F. Schwed<br>    Adam S. Hakki<br>    Jeffrey J. Resetarits |
| *Attorneys for Defendants Barclays PLC and Barclays Capital Inc.* | *Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.* |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | COVINGTON & BURLING LLP |
| By:  /s/ Peter E. Greene<br>    Peter E. Greene<br>    Boris Bershteyn<br>    Tansy Woan<br>    Harry P. Koulos | By:  /s/ Andrew A. Ruffino<br>    Andrew A. Ruffino<br>    Alan M. Wiseman<br>    Thomas A. Isaacson<br>    Andrew D. Lazerow<br>    Jamie A. Heine |
| *Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.* | *Attorneys for Defendants Citicorp, Citigroup Inc. and Citibank N.A.* |
| LOCKE LORD LLP | DAVIS POLK & WARDWELL LLP |
| By:  /s/ Roger B. Cowie<br>    Roger B. Cowie<br>    Gregory T. Casamento<br>    J. Matthew Goodin<br>    Julia C. Webb | By:  /s/ Paul Mishkin<br>    Paul Mishkin<br>    Maude Paquin |
| *Attorneys for Defendants HSBC Bank USA, N.A. and HSBC North America Holdings, Inc.* | *Attorneys for Defendant The Royal Bank of Scotland plc* |

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ D. Jarrett Arp
    D. Jarrett Arp
    Eric J. Stock
    Melanie L. Katsur
    Indraneel Sur

*Attorneys for Defendant UBS AG*