# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

JOHN NYPL, an individual; LISA MCCARTHY, an individual; MAD TRAVEL INC., A.K.A. TRAVEL LEADERS; VALARIE JOLLY, an individual; GO EVERYWHERE, INC., a corporation; WILLIAM RUBINSOHN doing business as RUBINSOHN TRAVEL, on behalf of themselves and those similarly situated,

Plaintiffs,

v.

JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; HSBC FINANCE CORPORATION, HSBC BANK USA, N.A.; HSBC NORTH AMERICA HOLDINGS, INC.; HSBC HOLDINGS, PLC; CITICORP; CITIGROUP INC.; CITIBANK, N.A.; UBS AG; BARCLAYS PLC; BARCLAYS CAPITAL, INC.; ROYAL BANK OF SCOTLAND GROUP PLC; ROYAL BANK OF SCOTLAND, PLC,

Defendants.

</td><td>

Case No. 15 Civ. 9300 (LGS)

[Related to Case No. 13 Civ. 7789 (LGS)]

</td></tr>
</table>

# ANSWER AND AFFIRMATIVE DEFENSES
# OF DEFENDANTS CITIGROUP INC., CITIBANK, N.A., AND CITICORP
# TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT

Defendants Citigroup Inc., Citibank, N.A., and Citicorp (together, "Citi") hereby answer Plaintiffs' Third Amended Class Action Complaint for Violations of the Sherman Act ("Complaint") in the above-captioned action. To the extent any allegation is not specifically admitted, it is expressly denied.

Citi states that it is not required to respond to the exhibits attached to the Complaint or any other attachment to the Complaint ("Exhibits"). To the extent a response is required, Citi denies

any averments in the Exhibits to the extent such averments are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of such averments insofar as they relate to other parties. Citi respectfully refers this Court to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the documents.

Citi states that it is not required to respond to allegations in the Complaint that are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292) dismissing Plaintiffs' claims extending after December 31, 2013. To the extent a response to any allegations inconsistent with the Court's Order of March 12, 2018 is required, Citi denies such allegations.

Citi states that it is not required to respond to the introductory, unnumbered paragraph at the beginning of the complaint.

Citi answers the allegations of the Complaint as follows.

<u>**SUMMARY OF ALLEGATIONS**</u>

1.      Paragraph 1 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 1 to the extent they are directed against Citi, denies that Paragraph 1 accurately describes the class Plaintiffs seek to represent, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

2.      Paragraph 2 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 2 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

3.      Citi admits that its operating units compete with the operating units of other defendants in numerous lines of business. Because Paragraph 3 fails to identify the lines of business as to which the listed entities are alleged to be competitors, Citi cannot provide a more specific answer as to this portion of the averment. Citi denies the remaining allegations contained in Paragraph 3 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

4.      Paragraph 4 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 4 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties. Citi also states that the allegations of Paragraph 4 are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292), dismissing Plaintiffs' claims extending after December 31, 2013.

5.      Citi denies the allegations in Paragraph 5 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

6.      Citi denies the allegations in Paragraph 6 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties. Citi also states that the phrase "Plaintiffs and the Class" as used in Paragraph 6 and other subsequent paragraphs contradicts the definition of "Plaintiffs" in Paragraph 5.

7.      Citi denies the allegations in Paragraph 7 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

8.      Citi admits that Citicorp entered into a Plea Agreement with the United States of America, respectfully refers this Court to that document for a complete and accurate statement of its contents, and denies Plaintiffs' allegations to the extent they are inconsistent with the referenced document.

9.      Citi admits that Citicorp entered into a Plea Agreement with the United States of America on or about May 20, 2015, and that Citibank, N.A. and Citigroup Inc. were named as Related Entities for purposes of that Plea Agreement. Citi denies that Citibank, N.A. or Citigroup Inc. entered into a Plea Agreement as alleged in Paragraph 9. Citi denies that the allegations in Paragraph 9 present a fair and complete description of the matters therein as directed against Citi and denies them on that basis. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 insofar as they relate to other parties.

10.     Citi denies the allegations in Paragraph 10 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

11.     Paragraph 11 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 11 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

## JURISDICTION AND VENUE

12.     Paragraph 12 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that Plaintiffs purport to bring an action under the cited statutes, denies that Plaintiffs have any valid claim against Citi, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 insofar as they relate to other parties.

13.     Paragraph 13 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that this Court has federal subject-matter jurisdiction over claims under the cited federal statutes.

14.     Paragraph 14 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that it maintains offices, has an agent, and does business in the Southern District of New York, denies the remaining allegations to the extent they are directed against Citi, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 insofar as they relate to other parties.

15.     Paragraph 15 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that it has business operations and offers services and products in New York and other states, and that it sells certain products and services in interstate commerce, denies the legal conclusions asserted by Plaintiffs, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 insofar as they relate to other parties.

16.     Paragraph 16 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 16 to the extent they are

directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

17.     Paragraph 17 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that it has business operations and offers services and products in California and other states, denies the legal conclusions asserted by Plaintiffs, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 insofar as they relate to other parties.

18.     Paragraph 18 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 18 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

19.     Paragraph 19 states legal conclusions as to which no response is required. To the extent a response is required, Citi states that it does not challenge the propriety of subject matter jurisdiction nor venue for claims against Citi in the Southern District of New York, denies the remaining allegations contained in Paragraph 19 to the extent they are directed against Citi, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

## THE PLAINTIFFS

20.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, except denies that it is liable for any damages or injury to John Nypl. Citi also states that the last sentence of Paragraph 20 is incomprehensible.

21.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, except denies that it is liable for any damages or injury

to Valarie Jolly or Go Everywhere, Inc., doing business as Riverside Travel. Citi also states that the last sentence of Paragraph 21 is incomprehensible.

22.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, except denies that it is liable for any damages or injury to Lisa McCarthy or MAD Travel, Inc., also known as Travel Leaders. Citi also states that the last sentence of Paragraph 22 is incomprehensible.

23.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, except denies that it is liable for any damages or injury to William Rubinsohn, doing business as Rubinsohn Travel. Citi also states that the last sentence of Paragraph 23 is incomprehensible.

## PLAINTIFF CLASS ACTION ALLEGATIONS

24.     Paragraph 24 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that Plaintiffs purport to bring this action as a class action on behalf of the proposed class described here (and as limited by orders of this Court), denies that certification of any class is appropriate, and otherwise denies the allegations in Paragraph 24. Citi also states that the allegations of Paragraph 24 are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292), dismissing Plaintiffs' claims extending after December 31, 2013. Citi further states that because the purported class is inconsistently defined in Paragraph 24 and Paragraph 26, Citi is unable to determine what class Plaintiffs are purporting to represent.

25.     Paragraph 25 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 25. Citi further states that because the purported class is inconsistently defined in Paragraph 24 and Paragraph 26, Citi is unable to determine what class Plaintiffs are purporting to represent.

26.     Paragraph 26 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that Plaintiffs purport to bring a class action, but otherwise denies the allegations in Paragraph 26. Citi also states that the allegations of Paragraph 26 are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292), dismissing Plaintiffs' claims extending after December 31, 2013. Citi further states that because the purported class is inconsistently defined in Paragraph 24 and Paragraph 26, Citi is unable to determine what class Plaintiffs are purporting to represent.

27.     Paragraph 27 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 27 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties. Citi further states that because the purported class is inconsistently defined in Paragraph 24 and Paragraph 26, Citi is unable to determine what class Plaintiffs are purporting to represent.

28.     Paragraph 28 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 28 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties. Citi further states that because the purported class is inconsistently defined in Paragraph 24 and Paragraph 26, Citi is unable to determine what class Plaintiffs are purporting to represent.

29.     Paragraph 29 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 29. Citi further states that because the purported class is inconsistently defined in Paragraph 24 and Paragraph 26, Citi is unable to determine what class Plaintiffs are purporting to represent.

## THE DEFENDANTS

30.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31.

32.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33.     Citi admits that Citigroup Inc. and Citicorp are Delaware corporations with principal places of business in New York, New York; admits that Citibank, N.A. is a wholly owned subsidiary of Citigroup Inc. and has operations in the Southern District of New York and in California; and admits that it has certain operations in interstate commerce. Citi otherwise denies the allegations in Paragraph 33.

34.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34.

35.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37.     Paragraph 37 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 37 to the extent they are

directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

38.    "Paragraph" 38 is in fact a heading to which no response is required. To the extent a response is required, Citi denies the allegations contained in "Paragraph" 38.

39.    Citi admits that Citicorp entered into a Plea Agreement with the United States of America on or about May 20, 2015, and Citi refers to that document for a complete and accurate statement of its contents. Citi otherwise denies the allegations in Paragraph 39 to the extent such allegations are directed against Citi; states that the allegations of Paragraph 39 are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292), dismissing Plaintiffs' claims extending after December 31, 2013; and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

40.    Citi denies the allegations in Paragraph 40 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

41.    Citi denies the allegations in Paragraph 41 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

42.    Citi denies the allegations in Paragraph 42 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

43.    Citi states that it is not required to respond to the Exhibits. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are

inconsistent with the referenced documents. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 insofar as they relate to other parties.

44.     Citi states that it is not required to respond to the Exhibits. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 insofar as they relate to other parties.

45.     Citi states that it is not required to respond to the Exhibits. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 insofar as they relate to other parties

46.     Citi states that it is not required to respond to the Exhibits, but admits that Exhibit A-2 is a copy of a Plea Agreement between Citicorp and the United States of America. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi denies knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 insofar as they relate to other parties.

47.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, except admits that on November 11, 2014, the Commodity Futures Trading Commission entered an "Order Instituting Proceedings Pursuant to Sections 6(c)(4)(A) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions" in *In the Matter of Citibank, N.A*, CFTC Docket No. 15-03, respectfully refers to that document for a complete and accurate statement of its contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced document.

48.     Citi states that it is not required to respond to the Exhibits. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 insofar as they relate to other parties.

49.     Citi states that it is not required to respond to the contents of the Exhibits. To the extent a response is required, Citi admits that Exhibit B-1 is a copy of a CFTC order involving Citibank, N.A., respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 49 insofar as they relate to other parties.

50.     Citi denies the allegations in Paragraph 50 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

51.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, except admits that on May 20, 2015, the Board of Governors of the Federal Reserve System issued an "Order to Cease and Desist and Order of Assessment of a Civil Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, As Amended" in *In the Matter of Citigroup Inc.*, Docket Nos. 15-008-B-HC and 15-008-CMP-HC, respectfully refers to that document for a complete and accurate statement of its contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced document.

52.     Citi states that it is not required to respond to the Exhibits. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced document. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 insofar as they relate to other parties.

53.     Citi states that it is not required to respond to the Exhibits, but admits that Exhibit C-1 is a copy of an order of the Board of Governors of the Federal Reserve System involving Citigroup Inc. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies

Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 insofar as they relate to other parties.

54.     Citi denies the allegations in Paragraph 54 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

55.     Citi admits that the European Central Bank and World Markets/Reuters benchmark fixes exist and are referenced in certain transactions in the foreign currency exchange markets. Citi admits that on November 11, 2014, the Comptroller of the Currency of the United States issued a "Consent Order for a Civil Money Penalty" in *In the Matter of Citibank, N.A.*, Docket No. AA-EC-14-101, respectfully refers to that document for a complete and accurate statement of its contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced document. Citi otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55.

56.     Citi states that it is not required to respond to the Exhibits. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi admits that the European Central Bank and World Markets/Reuters benchmark fixes exist and are referenced in certain transactions in the foreign currency exchange markets. Citi otherwise denies Plaintiffs' averments to the extent they are

inconsistent with the referenced document and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57.     "Paragraph" 57 is in fact a heading to which no response is required. To the extent a response is required, Citi denies the allegations contained in "Paragraph" 57.

58.     Citi denies the allegations in Paragraph 58 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties, except admits that the *Wall Street Journal* publishes information relating to foreign exchange benchmarks.

59.     "Paragraph" 59 is in fact a heading to which no response is required. To the extent a response is required, Citi denies the allegations contained in "Paragraph" 59, except admits that the *Wall Street Journal* publishes information relating to foreign exchange benchmarks.

60.     Citi denies the allegations in Paragraph 60 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties, except admits that the *Wall Street Journal* publishes information relating to foreign exchange benchmarks.

61.     Citi denies Plaintiffs' claims that "When FX Benchmark exchange rates go up, retail foreign currency exchange rates paid by consumers and business end-users go up in tandem" and that "when the price goes up for FX Benchmark exchange rates due to price-fixing, foreign currency exchange rates for consumer and business end-user go up in tandem." Citi otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, including the table following Paragraph 61, except admits that the

*Wall Street Journal* publishes information relating to foreign exchange benchmarks and that the quotes are in the table are correctly quoted from the *Wall Street Journal*.

62.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 to the extent they are directed against Citi, except admits there is a Citibank branch at 590 Market Street in San Francisco, California, and admits that the *Wall Street Journal* publishes information relating to foreign exchange benchmarks. Citi further states that it is not required to respond to the Exhibits. To the extent a response is required, Citi respectfully refers this Court to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 insofar as they relate to other parties.

63.     Citi denies the allegations in Paragraph 63 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

64.     Citi admits that the European Central Bank benchmark fix exists and is referenced in certain transactions in the foreign currency exchange markets. Citi otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph

64, including the tables and graph contained therein, except admits that the European Central Bank benchmark fix for the dates indicated in the table is correct.

65.     Citi denies the allegations in Paragraph 65 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

66.     Citi denies the allegations in Paragraph 66 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

67.     Paragraph 67 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 67 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties. Citi further states that it is not required to respond to the Exhibits. To the extent a response is required, Citi respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents, and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents.

68.     Paragraph 68 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 68 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

69.     Citi states that it is not required to respond to the Exhibits. To the extent a response is required, Citi admits that Exhibit A-2 is a copy of a Plea Agreement between the United States of America and Citicorp; admits that Exhibit B-1 is a copy of a CFTC order involving Citibank, N.A.; admits that Exhibit C-1 is a copy of an order of the Board of Governors of the Federal

Reserve System involving Citigroup Inc.; admits that Exhibit D-1 is a copy of a consent order of the Comptroller of the Currency involving Citibank, N.A.; respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents; and denies Plaintiffs' averments to the extent they are inconsistent with the referenced documents. Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 insofar as they relate to other parties.

70.     Paragraph 70 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 70 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

71.     Paragraph 71 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 71 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

## PURPOSE AND EFFECT

72.     Paragraph 72 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 72 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

73.     Paragraph 73 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 73 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

## **FRAUDULENT CONCEALMENT**

74.     Paragraph 74 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 74 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

75.     Paragraph 75 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 75 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

## **DAMAGES**

76.     Paragraph 76 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 76 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

77.     Paragraph 77 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 77 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

78.     Paragraph 78 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 78 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

79.     Paragraph 79 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 79 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

## VIOLATIONS ALLEGED

### FIRST CLAIM FOR RELIEF
### (Price-Fixing, Per Se Violation of Section 1 of the Sherman Act)

80.     Citi incorporates by reference the preceding responses as though fully set forth herein.

81.     Paragraph 81 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 81 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 insofar as they relate to other parties. Citi also states that the allegations of Paragraph 81 are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292), dismissing Plaintiffs' claims extending after December 31, 2013.

82.     Paragraph 82 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 82 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

83.     Paragraph 83 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 83 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

84.     Paragraph 84 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 84 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties. Citi also states that the allegations of Paragraph 84 are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292), dismissing Plaintiffs' claims extending after December 31, 2013.

85.     Paragraph 85 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 85 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

86.     Paragraph 86 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 86 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

87.     Paragraph 87 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 87 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

### SECOND CLAIM FOR RELIEF
#### (California Cartwright Act)
#### (Trust To Set, Fix and Establish Prices And Restrain Trade)

88.     Citi incorporates by reference the preceding responses as though fully set forth herein.

89.     Paragraph 89 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that Plaintiffs purport to allege their claim on behalf of

classes Plaintiffs have inconsistently defined, denies that the purported classes are "similarly situated" to Plaintiffs, and denies that class treatment is appropriate in this action.

90.     Paragraph 90 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 90 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties. Citi also states that the allegations of Paragraph 90 are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292), dismissing Plaintiffs' claims extending after December 31, 2013.

91.     Paragraph 91 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 91 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

92.     Paragraph 92 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 92 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

93.     Paragraph 93 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 93 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

94.     Paragraph 94 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 94 to the extent they are

directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

95. Paragraph 95 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 95 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

96. Paragraph 96 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 96 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

97. Paragraph 97 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 97 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

**THIRD CLAIM FOR RELIEF**
**(California Unfair Competition Act, Calif. Bus. & Prof. Code sec. 17200 et seq.)**

98. Citi incorporates by reference the preceding responses as though fully set forth herein.

99. Paragraph 99 states legal conclusions as to which no response is required. To the extent a response is required, Citi admits that John Nypl purports to bring this action as a class action on behalf of the proposed class described in this paragraph, denies that class treatment is appropriate in this action, otherwise denies the allegations in Paragraph 99 to the extent they are directed against Citi, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties. Citi also states that the allegations

of Paragraph 99 are inconsistent with this Court's Order of March 12, 2018 (ECF No. 292), dismissing Plaintiffs' claims extending after December 31, 2013.

100.    Paragraph 100 states legal conclusions as to which no response is required. To the extent a response is required, Citi denies the allegations in Paragraph 100 to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they relate to other parties.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Citi asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission that Citi is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever:

1.    Plaintiffs or other members of the putative class, or both, lack the standing required to assert some or all of their claims against Citi under Article III of the United States Constitution.

2.    Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel or laches, or some combination of these.

3.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations or repose.

4.    Citi is not liable for the conduct of any of its current or former employees or agents to the extent that any or all of those current or former employees acted outside the scope of their authority.

5.    Plaintiffs' claims for relief are barred, in whole or in part, because the conduct alleged by Plaintiffs is expressly or impliedly immune from challenge under the antitrust laws.

6.    Plaintiffs' claims are barred, in whole or in part, because Citi is not liable for the acts,

omissions, wrongs, or negligence of any other defendant, entity, or individual.

7.   Without admitting any violation of any law, Citi asserts that all or some of the allegedly "fraudulent and active concealment" claimed by Plaintiffs were statements of opinion, which had a reasonable basis, or were accurate.

8.   Plaintiffs' claims against Citi are barred, in whole or in part, by the Stipulation and Agreement of Settlement with Citigroup Inc., Citibank, N.A., Citicorp, and Citigroup Global Markets issued in the case *In Re Foreign Exchange Benchmark Rates Antitrust Litigation* (*FOREX*), 13-cv-7789-LGS, entered into in 2015.

9.   Plaintiffs' claims against Citi are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, *res judicata*, release, discharge, or accord and satisfaction, or some combination of these.

10. Plaintiffs have failed to mitigate their damages, if any, and recovery should be reduced or denied accordingly.

11. Plaintiffs' claims are barred because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening causes or superseding causes, unrelated to the alleged conduct of Citi, by the conduct of third parties for whom Citi was not responsible, through forces in the marketplace over which Citi has no control, or through acts or omissions by one or more of the Plaintiffs.

12. The imposition of treble damages would be punitive and violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the United States Constitution.

13. Without admitting any violation of any law, Citi asserts that, should Citi be held liable to Plaintiffs under the Cartwright Act, which liability is specifically denied, Plaintiffs' claims

under the Cartwright Act should be reduced or offset entirely due to the claims of, or settlements with, other entities suing for the same or similar alleged manipulations.

14. Plaintiffs' claims are barred, in whole or in part, because any recovery to Plaintiffs would unjustly enrich Plaintiffs.

15. Plaintiffs' claims against Citi are barred, in whole or in part, because Plaintiffs were benefited more than harmed by Citi's alleged conduct.

16. Plaintiffs' claims are barred, in whole or in part, because Defendants do not determine the base rate for bank notes.

17. Without admitting any violation of any law, Citi asserts that, should Citi be held liable to Plaintiffs, which liability is specifically denied, Citi would be entitled to a reduction of damages to the extent such damages are the responsibility of other Defendants or third parties, or to the extent of any settlement amount received by Plaintiffs from other Defendants.

18. Without admitting any violation of any law, Citi asserts that, should Citi be held liable to Plaintiffs, which liability is specifically denied, Citi would be entitled to set-off, contribution, or indemnity from other parties, entities, or individuals.

19. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs agreed to arbitrate any claims related to any transactions at issue.

20. Citi incorporates by reference any defenses applicable to it that are asserted or to be asserted by any other Defendant to the Complaint as if fully set forth herein to the extent Citi may share in such defense.

21. Citi hereby reserves and asserts all affirmative and other defenses available under any applicable federal or state law. Citi presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses

available. Therefore, Citi reserves its right to assert additional defenses, counterclaims, cross-claims, and third-party claims in the event that discovery indicates that such additional defenses or claims would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Citi prays as follows:

1.     That Plaintiffs and the members of the purported class take nothing by the Complaint;

2.     That the Complaint be dismissed with prejudice and judgment entered for Citi;

3.     That Citi recovers its costs of suit and its attorneys' fees; and

4.     For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Citi hereby reserves the right to object to Plaintiffs' demand for a trial by jury on some or all of the issues raised in the Complaint.

Dated: November 9, 2018

/s/ Andrew A. Ruffino
Andrew A. Ruffino
Covington & Burling LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1097
aruffino@cov.com

Andrew D. Lazerow
Jamie A. Heine
Benjamin L. Cavataro
Covington & Burling LLP
One CityCenter
850 10th Street NW
Washington, DC 20001-4956
(202) 662-5109
alazerow@cov.com
jheine@cov.com
bcavataro@cov.com

*Attorneys for Defendants Citigroup Inc.,
Citibank, N.A., and Citicorp*