MUNGER, TOLLES & OLSON LLP

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

———————

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———————

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

November 23, 2018

Writer's Direct Contact
(415) 512-4017
(415) 644-6917 FAX
kelly.klaus@mto.com

**Via ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Nypl v. JP Morgan Chase & Co.*, 1:15-cv-09300-LGS

Dear Judge Schofield:

    This firm represents Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively, "Wells Fargo") in an employment action filed by Simon Fowles, a former employee of Wells Fargo, in San Francisco Superior Court. Wells Fargo has received notice that the plaintiffs in *Nypl v. JP Morgan Chase & Co.*, 1:15-cv-09300-LGS, issued a subpoena for Mr. Fowles to testify and produce documents supporting his employment allegations at a deposition in San Francisco on November 28, 2018. This Court has now ordered that the deposition and document production should proceed, subject to further consideration of additional objections filed by November 23, 2018. (Dkt. No. 382.)

    Wells Fargo respectfully submits this letter to object to the deposition and request that the Court rescind its November 20, 2018 Order (Dkt. No. 382). If this Court does not rescind the November 20 Order, Wells Fargo respectfully asks the Court to hold its order in abeyance until Wells Fargo has filed a timely motion to quash the subpoena in the Northern District of

MUNGER, TOLLES & OLSON LLP

The Honorable Lorna G. Schofield
November 23, 2018
Page 2

California and that court has ruled on the motion to quash.  Such a motion would be filed before November 28, 2018, the return date for the deposition subpoena issued to Mr. Fowles.  If the Court neither rescinds nor holds its prior order in abeyance, Wells Fargo respectfully requests in the alternative that the Court revise its order to limit the scope of the deposition and protect certain particularly sensitive documents from disclosure, as described further below.

We make this request for three principal reasons:

*First*, Plaintiffs improperly sought to compel compliance from this Court rather than the Northern District of California.  The Federal Rules do not authorize this Court to compel compliance with a subpoena in another federal judicial district.  As Plaintiffs' counsel acknowledges, Mr. Fowles resides in the Northern District of California and the subpoena directs Mr. Fowles to comply with the subpoena in that district. (Dkt. No. 379, ¶ 4.)  Accordingly, a motion to compel must be filed in the Northern District of California.  *See, e.g.*, *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016) ("[I]f a motion to compel is necessary, the motion must be made in 'the court for the district where compliance is required.'"); *see also* Fed. R. Civ. P. 45(d)(2)(B)(i) ("[T]he serving party may move the court for the district where compliance is required for an order compelling production or inspection"); Fed. R. Civ. P. 45 Advisory Committee's Note (2013 Amendment) ("To protect local nonparties, . . . .motions [must] be made in the court in which compliance is required . . . .").

The Northern District of California likewise would be the appropriate place for a motion to quash the subpoena, Fed. R. Civ. P. 45(d)(3), and Wells Fargo intends to file such a motion.  The deadline for filing a timely motion to quash is November 28, 2018, the return date on the subpoena (if not later).  *Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.,* No. 15 CIV. 6586 PAC, 2015 WL 6741852, at *1 (S.D.N.Y. Nov. 4, 2015) ("In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena.").[1]  Wells Fargo intends to file a motion to quash prior to November 28, 2018 and therefore respectfully requests that this Court rescind or hold in abeyance the November 20 Order and abstain from taking any action with respect to Plaintiffs' subpoena to give the Northern District of California the opportunity to resolve the issue as contemplated by the Federal Rules.[2]

---

[1] Wells Fargo has an interest in this issue and standing to quash the subpoena because, as explained below, the subpoena seeks information supporting Mr. Fowles's allegations against Wells Fargo in the employment litigation and therefore implicates confidential and/or proprietary information belonging to Wells Fargo.

[2] The Northern District of California may transfer the motion to this Court if Mr. Fowles consents or if that court determines that exceptional circumstances warrant such a transfer.  Fed. R. Civ. P. 45(f).

MUNGER, TOLLES & OLSON LLP

The Honorable Lorna G. Schofield
November 23, 2018
Page 3

*Second*, the subpoena seeks information that is irrelevant to the subject matter of this case, is not reasonably calculated to lead to the discovery of relevant evidence, and will impose a burden on Wells Fargo (and Mr. Fowles) that is not substantially proportional to any potential benefit to this litigation. Wells Fargo is a not a defendant in this Court. Wells Fargo has not been implicated in any of the regulatory or enforcement actions related to Plaintiffs' claims. Mr. Fowles's testimony therefore has potential relevance only insofar as it might shed light on the conduct of foreign exchange traders at financial institutions *other than Wells Fargo*, i.e., the defendant banks in this action. Plaintiffs cannot show that Mr. Fowles even potentially has knowledge relevant to those issues.

As the Court is aware, Plaintiffs' Third Amended Complaint in this action alleges antitrust violations based on anti-competitive conduct described in certain plea agreements and agency orders (ECF No. 190, ¶¶ 39, 43-56). Those plea agreements and agency orders focus on inter-bank communications in electronic "chatrooms" where participants improperly coordinated trades in the foreign exchange spot market. (*E.g.*, *id.*, Ex. A-1 (guilty plea agreement) at 5, Ex. B-1 (CFTC order) at 5-8, Ex. C-1 (Federal Reserve order) at 4, Ex. D-1 (OCC consent order) at 4.) The plea agreements, however, expressly state that "[p]articipation in this electronic chat room *was limited to specific EUR/USD traders, each of whom was employed, at certain times, by a co-conspirator dealer* in the FX Spot Market." *E.g.*, *id.*, Ex. A-1 at 6 (emphasis added). Mr. Fowles was a Wells Fargo employee. He was not employed at any of the co-conspirator banks during the relevant period. Hence, Mr. Fowles could not have participated in the chatroom at issue. Nor could have any other Wells Fargo employee who worked under Mr. Fowles.

Plaintiffs claim that "documents produced by Defendant Royal Bank of Scotland et al. in November, 2017 show that Wells Fargo Bank per Thomas Kiefer was an active participant in the FX chat rooms in this case." But to Wells Fargo's understanding, Plaintiffs rely on a single document reflecting a conversation in a Bloomberg chat platform. They have made no showing that the document relates in any way to the allegations in this action or that the conversation reflected occurred in the chatroom actually at issue in the antitrust cases.

Moreover, Mr. Fowles has informed the Court that he has no knowledge of the chatroom, and that he did not know that other banks were involved in manipulating foreign exchange fix rates as the Third Amended Complaint alleges until the Department of Justice issued a press release. (ECF No. 374 (Fowles's objections) at 1-2.) Fix-based trading was a "tiny percentage" of Wells Fargo's daily foreign exchange trade volume (*id.* at 2) so it is highly unlikely that Mr. Fowles would have anything to say that would be relevant to the subject matter of Plaintiffs' case.

The relevance of Mr. Fowles's testimony is even more attenuated in light of the scope of Plaintiffs' subpoena. The deposition topic is "[t]he reasons given by Mr. Simon Fowles in support of his complaint filed on April 11, 2018," i.e. his employment lawsuit in San Francisco. (ECF No. 370 at 8.) Similarly, the document request seeks materials that "support his

MUNGER, TOLLES & OLSON LLP

The Honorable Lorna G. Schofield
November 23, 2018
Page 4

allegations" in the employment complaint. (*Id.* at 9.)  This means that Plaintiffs are not even planning to ask Mr. Fowles what he knows about the rate fixing at issue in the *Nypl* litigation or about the foreign exchange industry writ large, but rather what information Mr. Fowles has to support his own allegations in his employment lawsuit against Wells Fargo.  Mr. Fowles's April 11, 2018 complaint, however, alleges that Wells Fargo wrongfully terminated his employment in retaliation for his whistleblowing about an *internal issue* related to the compensation of a sales team (which Wells Fargo denies).  (ECF No. 379, Ex. F.)  Mr. Fowles has confirmed that these allegations have nothing to do with the subject matter of *this action* because he has said he has no knowledge of the issues underlying Plaintiffs' antitrust lawsuit.  (ECF No. 374 at 1-2.)

***Third***, the subpoena potentially implicates information or materials belonging to Wells Fargo that are sensitive or confidential.  Without some greater showing of need for Mr. Fowles's testimony, or some cogent explanation why Mr. Fowles would have any relevant information to offer regarding Plaintiffs' antitrust claims against other banks, there is no cause for Plaintiffs to interrogate Mr. Fowles regarding Wells Fargo's sensitive and confidential information, even with a valid protective order in place.

Several of the documents that Wells Fargo has produced to Mr. Fowles in the employment litigation, and that we understand Mr. Fowles would produce in response to the subpoena have been designated as Confidential pursuant to a protective order signed by Hon. Edward M. Chen of the U.S. District Court for the Northern District of California.[3]  That protective order is attached hereto as Exhibit A.  If the Court does not rescind or hold its prior order in abeyance, Wells Fargo respectfully requests in the alternative that the Court: (i) limit the questioning of Mr. Fowles to the subject matter of the *Nypl* suit, not the allegations in his employment action, which are wholly irrelevant, and (ii) prohibit questioning or any disclosure of three of the documents in particular because they contain confidential, commercially sensitive information about a transaction between Wells Fargo and a customer of the bank.[4]  I have been authorized to represent that Mr. Fowles joins in requesting that these documents be protected from disclosure.  The remainder of the documents marked as Confidential are employment and payroll records related to Mr. Fowles.  Wells Fargo defers to Mr. Fowles' preference as to those documents.

\*       \*       \*

---

[3] The employment matter was removed to federal court for some time but, after an amendment to the complaint, it has recently been remanded to California Superior Court by stipulation.

[4] The beginning Bates numbers for those documents are WF_FOWLES_002133, WF_FOWLES_002138, and WF_FOWLES_002156.  Wells Fargo would be pleased to submit the documents for in camera review upon request.

MUNGER, TOLLES & OLSON LLP

The Honorable Lorna G. Schofield
November 23, 2018
Page 5

      For these reasons, Wells Fargo respectfully requests that the Court deny Plaintiffs' request to compel compliance with the subpoena, and defer to the Northern District of California to take action in the first instance.

      Very truly yours,

      MUNGER, TOLLES & OLSON LLP

      */s/ Kelly M. Klaus*

      Kelly M. Klaus

cc:    All Counsel (via ECF)
       Bryan H. Heckenlively (Munger, Tolles & Olson LLP, Counsel for Wells Fargo)
       Daniel Feder (Counsel for Simon Fowles)