```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
                                                      ELECTRONICALLY FILED
------------------------------------------------------------ X
                                                  :   DOC #:_____
JOHN NYPL, et al.,                                :   DATE FILED: 5/20/2019
                                                  :
                              Plaintiffs,         :
                                                  :   15 Civ. 9300 (LGS)
                  -against-                       :
                                                  :          ORDER
JPMORGAN CHASE & CO., et al.,                     :
                                                  :
                              Defendants.         :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs bring this action under the Sherman Act, 15 U.S.C. § 1 *et seq.*, the Cartwright Act, CAL. BUS. & PROF. CODE § 16750 *et seq.*, and California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL"), alleging that Defendants engaged in a conspiracy to manipulate benchmark rates in the foreign exchange market. Plaintiffs allege that Defendants' unlawful manipulation of the benchmark rates inflated the prices at which Plaintiffs purchased physical currency at Defendants' retail branches in the United States (the "Foreign Currency Retail Transactions").

WHEREAS, on March 7, 2018, Plaintiffs moved to expand the scope of the Foreign Currency Retail Transactions to include overseas credit card, debit card and ATM transactions involving currency conversion. In the alternative, Plaintiffs sought leave to file a Fourth Amended Complaint. By Order dated June 20, 2018, the Court denied Plaintiffs' motion.

WHEREAS, on July 20, 2018, Plaintiffs moved for reconsideration with respect to the Court's ruling on the scope of the Foreign Currency Retail Transactions. By Order dated September 6, 2018, the Court denied Plaintiffs' motion for reconsideration, stating in part:

> [T]he [Third Amended Complaint ("TAC")] and Plaintiffs' prior complaints exclusively described the purchase of physical currency at Defendants' retail branches in the United States. The words "credit card," "debit card," and "ATM" do not appear in any of the complaints, nor does any named Plaintiff claim to

> have engaged in such transactions. The expert declaration submitted in support of the TAC shows a correlation only between the allegedly manipulated benchmark rates and physical currency exchange rates at Defendants' retail branches, and contains no analysis of exchange rates for credit, debit or ATM transactions. Nothing in the TAC gives Defendants fair notice that Plaintiffs' claims concern these transactions.

Dkt. No. 349 at 2–3.

WHEREAS, on January 29, 2019, Plaintiffs filed a new motion seeking leave to file a Fourth Amended Complaint. Once again, Plaintiffs seek to expand the scope of the Foreign Currency Retail Transactions to include credit card, debit card and ATM transactions.

WHEREAS, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 76 (2d Cir. 1998)); *accord Acevado v. Citibank, N.A.*, No. 10 Civ. 8030, 2019 WL 1437575, at *13 (S.D.N.Y. Mar. 31, 2019). It is hereby

**ORDERED** that Plaintiffs' motion for leave to amend is **DENIED**. Leave to amend is futile where "the claims the plaintiff [seeks] to add would be barred by the applicable statute of limitations." *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000); *accord Rivera v. City of New York*, No. 16 Civ. 9709, 2019 WL 252019, at *9 (S.D.N.Y. Jan. 17, 2019). There is a four year statute of limitations for actions brought under the Sherman Act, 15 U.S.C. § 15b, Cartwright Act, CAL. BUS. & PROF. CODE § 16750.1, and UCL, CAL. BUS. & PROF. CODE § 17208. Because this action is limited to claims that accrued on or before December 31, 2013, *see Nypl v. JPMorgan Chase & Co.*, No. 15 Civ. 9300, 2018 WL 1276869, at *4 (S.D.N.Y. Mar. 12, 2018), the statute of limitations for all claims expired on December 31, 2017 at the latest. Plaintiffs

moved for leave to amend on January 29, 2019, over one year after the statute of limitations had run.

Plaintiffs contend that their claims regarding credit card, debit card and ATM transactions are not time-barred because they relate back to the original Complaint. "An amendment to a pleading relates back to the date of the original pleading when [it] asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Assoc. v. GreenPoint Mortg. Funding, Inc.*, 916 F.3d 116, 128 (2d Cir. 2019) (quoting *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006)). "[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an entirely distinct set of factual allegations will not relate back." *Lehman*, 916 F.3d at 128 (quoting *Slayton*, 460 F.3d at 228).

Plaintiffs' claims related to credit card, debit card and ATM transactions do not relate back to the original pleading. As the Court ruled in its Order denying Plaintiffs' motion for reconsideration, "[n]othing in [the previous pleadings] gives Defendants fair notice that Plaintiffs' claims concern [credit card, debit card or ATM transactions]." Dkt. No. 349 at 3. This ruling is the law of the case and is dispositive of the relation back issue.[1] *See Lehman*, 916

---

[1] "The doctrine of the law of the case 'posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case.'" *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 165 n.5 (2d Cir. 2000)); *accord Novick v. AXA Network, LLC*, 714 Fed. App'x 22, 25 (2d Cir. 2017). "Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." *Aramony*, 254

F.3d at 128 (stating that the "central inquiry" of relation back is whether the original pleading gave defendants "adequate notice of the matters raised in the amended pleading").

Dated: May 20, 2019
      New York, New York

                                             LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE

---

F.3d at 410; *accord In re Terrestar Corp.*, No. 16 Civ. 1421, 2017 WL 1040448, at *4 (S.D.N.Y. Mar. 16, 2017). "Although not binding, the doctrine 'counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013) (quoting *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)); *accord Reches v. Morgan Stanley & Co.*, 736 Fed. App'x 306, 307 (2d Cir. 2018) (summary order). No such cogent or compelling reasons exist to warrant revisiting the Court's ruling that Plaintiffs' prior pleadings have not given Defendants fair notice that the claims asserted in this action concern overseas credit card, debit card or ATM transactions.

4