UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
                                                          :
JOHN NYPL, et al.,                                        :
                                    Plaintiffs,           :
                                                          :           15 Civ. 9300 (LGS)
                    -against-                             :
                                                          :              ORDER
JP MORGAN CHASE & CO., et al.,                            :
                                    Defendants.           :
---------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 18, 2019, the Court so ordered a Stipulation and Order Concerning

Deposition Coordination (the "Stipulation").  *See* Dkt. No. 425.  In the Stipulation, Plaintiffs

agreed to seek the deposition of the signatories of certain, identified plea agreements and deferred

prosecution agreements between certain Defendants and the DOJ (the "Signatory Witnesses"),

and/or Rule 30(b)(6) depositions on topics limited to those agreements.  *See id*.

  I.   **Plaintiffs' Letter Motions to Amend the Stipulation**

WHEREAS, with respect to Defendants HSBC North America Holdings, Inc. and HSBC

Bank USA, N.A (the "HSBC Defendants"), the Stipulation provides that Plaintiffs "are only

seeking the depositions of (i) the signatories to . . . the December 11, 2012 deferred prosecution

agreement between the United States Department of Justice, HSBC Holdings PLC, and HSBC

Bank USA, N.A., and the January 18, 2018 deferred prosecution agreement between the United

States Department of Justice and HSBC Holdings PLC . . . and/or a corporate representative

designated under Rule 30(b)(6) that is knowledgeable about . . . the December 11, 2012 and

January 18, 2018 deferred prosecution agreements, on topics limited to those agreements[.]"  *See*

*id*.

WHEREAS, with respect to Defendants Bank of America Corporation and Bank of

America, N.A. (the "Bank of America Defendants"), the Bank of America Defendants were not

among the Defendants identified in the Stipulation as Defendants for which Plaintiffs sought either to depose affiliated signatories or Rule 30(b)(6) representatives.  *See id.*

WHEREAS, the Third Amended Complaint ("TAC") includes as exhibits, *inter alia*, an order relating to the HSBC Defendants —  "Order Instituting Proceedings Pursuant to Sections 6(c)(4)(A) and 6(d) of the Commodity Exchange Act" by the Commodity Futures Trading Commission ("CFTC") in the matter of HSBC Bank plc (the "HSBC CFTC Order"), *see* Dkt. No. 190-9.  The TAC also includes as exhibits two consent orders relating to the Bank of America Defendants — (1) a "Cease and Desist Order and Assessment of a Civil Money Penalty Issued Upon Consent" by the Board of Governors of the Federal Reserve System in the matter of Bank of America Corporation, *see* Dkt. No. 190-15, and (2) a Consent Order from the Department of Treasury, Office of the Comptroller of the Currency in the matter of Bank of America N.A. (the " B of A Consent Orders"), *see* Dkt. No. 190-22.  The HSBC CFTC Order and the B of A Consent Orders are not included in the Stipulation.  *See* Dkt. No. 425.

WHEREAS, on December 4, 2019, the testamentary discovery stay in this case was lifted in part.  *See* Dkt. No. 476.  Subsequently, Plaintiffs served various deposition notices, including a Rule 30(b)(6) deposition notice addressed to the Bank of American Defendants, and a Rule 30(b)(6) deposition notice addressed to the HSBC Defendants that included as a topic the HSBC CFTC Order.  *See* Dkt. No. 490.

WHEREAS, on January 31, 2020, the parties filed a joint letter providing their respective positions regarding the disputes requiring the Court's intervention relating to Plaintiffs' deposition notices.  *See* Dkt. No. 490.  Defendants objected to Plaintiffs' request for a Rule 30(b)(6) deposition of Bank of America Defendants, and to the topics in the Rule 30(b)(6) deposition notice on the HSBC Defendants, including the topic seeking information on the HSBC

CFTC Order, as precluded by the Stipulation.  *See id.*  Plaintiffs did not dispute that these notices were precluded by the Stipulation, nor did they assert that the Bank of America Defendants or the HSBC CFTC Order were omitted from the Stipulation in error.  Rather, Plaintiffs argued as to the the Bank of America Defendants that the B of A Consent Orders are "similar in nature to the pleas signed by the other defendants and, since they were identified as topics in the 30(b)(6) deposition notice and were identified in the [TAC], plaintiffs should be allowed to conduct these depositions even though the [B of A Consent Orders] were not specifically named" in the Stipulation.  As to the HSBC Defendants, Plaintiffs argued that the HSBC CFTC Order "deals with similar evidence as was summarized in the plea agreements of the other defendants" and it therefore "is a legitimate area of inquiry in their [] deposition of HSBC."  *See id.*

WHEREAS, on February 24, 2020, the Court quashed Plaintiffs' deposition notices and topics to the extent they exceeded the scope of the Stipulation, including Plaintiffs' Rule 30(b)(6) notice on the Bank of America Defendants, and Plaintiffs' Rule 30(b)(6) notice on the HSBC Defendants to the extent the designated topics relate to subject matters other than the January 18, 2018 deferred prosecution agreement,"[1] including topics relating to the HSBC CFTC Order.  *See* Dkt. No 498.  Plaintiffs did not move for reconsideration of the ruling.

WHEREAS, on June 4, 2020, following further briefing regarding the remaining deposition notices, the Court issued an order permitting Plaintiffs to serve certain interrogatories on each of Defendants Barclays PLC, Citicorp, JPMorgan Chase & Co., Royal Bank of Scotland PLC, and UBS AG -- the Defendants identified in the Stipulation -- to address the threshold question of what communications, if any, each Defendant had with the Government relating to

---

[1] The December 11, 2012 deferred prosecution agreement were separately found to be irrelevant. *See* Dkt. No. 514.

the plea agreements named in the Stipulation.  Fact discovery, scheduled to end on June 1, 2020, was extended by this order solely "for purposes of the above-referenced discovery."  *See* Dkt. No 547.

WHEREAS, as Plaintiffs had requested to file a letter motion to serve the above-mentioned interrogatories on the Bank of America Defendants and the HSBC Defendants, the June 4, 2020 order also directed the filing of such letters.  *See id*.

WHEREAS, on June 5, 2020, Plaintiffs filed a letter motion seeking to modify the Stipulation to include the Bank of America Defendants "in order to serve the interrogatories identified in the Court's June 4, 2020, Order" and "if necessary, to seek deposition."  Dkt. No. 549.  Plaintiff requested the modification pursuant to Federal Rule of Civil Procedure 60(b) or pursuant to the Court's inherent authority.  *See id*. and Dkt. No. 564.  Plaintiffs argued that, "because [the Bank of America Defendants were] inadvertently omitted, the Stipulation and Order should be modified because there is a complete lack of consideration" between the parties.  Dkt. No. 564.  The Bank of America Defendants opposed the request.  *See* Dkt. No. 559.

WHEREAS, on June 10, 2020, Plaintiffs filed a letter motion seeking, *inter alia*, "relief under Fed. R. Civ. P. 60(b) to modify the Stipulation and Order entered on March 18, 2019, to include the [HSBC CFTC Order]" because "[i]t is clear from the face of [the Stipulation] that the *Nypl* Plaintiffs never intended to relieve the HSBC Defendants of their obligation to provide depositions completely" and "[s]hould the HSBC Defendants be excused from answering the interrogatories identified by the Court in its June 4, 2020, Order, there would be a complete failure of consideration between HSBC and the *Nypl* Plaintiffs in the [Stipulation]."  Dkt. No. 557.  The HSBC Defendants opposed the request.  *See* Dkt. No. 563.

4

WHEREAS, Plaintiffs' arguments under Federal Rule of Civil Procedure 60(b) are rejected, because the Rule applies only to *final* orders, and is therefore inapplicable to Plaintiffs' request to amend the Stipulation.  *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . ."); *see also Fennell v. TLB Kent Co.*, 865 F.2d 498, 501 (2d Cir. 1989) (Rule 60(b) "only applies to the reconsideration of a "*final* judgment, order or proceeding" (emphasis in original)); *accord McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 n.2 (S.D.N.Y. 2018).

WHEREAS, Plaintiffs' argument that the Stipulation should be amended to permit Plaintiffs to notice a Rule 30(b)(6) deposition of the Bank of America Defendants and to add the HSBC CFTC Order to the list of plea and deferred prosecution agreements, pursuant to the Court's inherent authority to reconsider interlocutory orders, is also rejected.  The Court has already ruled on a prior application by Plaintiffs to notice a Rule 30(b)(6) deposition on the Bank of America Defendants, and to permit Plaintiffs to include topics relating to the CFTC Order in the HSBC Rule 30(b)(6) deposition notice, despite the clear language of the Stipulation.  *See* Dkt. No 498.  The instant letter motions -- although not framed as such -- are untimely motions for reconsideration of that ruling.  But, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Id.* (quoting *Shrader v. CSX Transp.,*

*Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted).  Here, Plaintiffs had the

opportunity to raise the arguments made in the instant letter motion before the Court's prior

ruling on this issue, but did not do so.  Now, after the close of general fact discovery, Plaintiffs'

letter motion seeks to relitigate a ruling issued four months ago regarding a Stipulation negotiated

and signed over a year ago.  Plaintiffs forfeited the newly raised arguments by not timely raising

them in the first instance.  *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015)

("Those arguments were raised for the first time in plaintiffs' motion for reconsideration and

therefore were not properly presented to the district court.  Accordingly, they are waived.").  In

any event, while "[a] district court may . . . disregard a stipulation if it would be manifestly unjust

to enforce the stipulation," *Sinicropi v. Milone*, 915 F.2d 66, 68 (2d Cir. 1990), there is "nothing

in the record . . . indicating that [Plaintiffs] did not knowingly and voluntarily enter into the

Stipulation."  *Id*.  That Plaintiffs now argue that the consideration received -- the right to attend

depositions in related actions, and access to deposition transcripts in related actions

notwithstanding any provision limiting the use of such transcripts in any protective order entered

in any of the Actions -- is not sufficient in these circumstances to find the stipulation to be

manifestly unjust.  The Court declines to reconsider the prior order.


## II.    Plaintiffs' Letter Motions to Serve Interrogatories on the HSBC Defendants regarding the 2018 Deferred Prosecution Agreement

WHEREAS, in the letter motion filed on June 10, 2020, Plaintiffs also seek to serve

interrogatories on the HSBC Defendants to inquire into communications with the Government

related to the January 18, 2018, deferred prosecution agreement between the United States

Department of Justice and HSBC Holdings PLC.  *See* Dkt. No. 557.  The HSBC Defendants

oppose the request on the grounds that the agreement is not relevant to Plaintiffs' claims.  *See*

Dkt. No. 563.

WHEREAS, in the January 18, 2018 deferred prosecution agreement, HSBC Holdings plc

asserts that "the allegations described in the Information and the facts described in the attached

Statement of Facts are true and accurate."  *See* Dkt. No 557 at 7.  The Statement of Facts

describes two FX transactions that that were manipulated through "front running," to the

detriment of HSBC Holdings plc's clients.  For example, the Statement of Facts describes how,

before one transaction,

> HSBC 'ramped' the price Sterling/Dollar by aggressively trading before and
> during the fix in a manner designed to increase the price of Sterling/Dollar.  As a
> result, the price of Sterling/Dollar spiked around the 3 PM fix.  Indeed, in the 30
> seconds before and 30 seconds after 3:00 PM London time, the price of
> Sterling/Dollar reached a market high for the day, allowing Johnson, Scott, and
> other FX traders at HSBC to generate significant profits in their Pbooks from their
> prior Sterling purchases by selling that Sterling at the higher prices generated by
> HSBC.

Dkt. 557 at 38.  This conduct is not so different from the conduct alleged by Plaintiffs to be held

irrelevant to the action.  And that HSBC Holdings plc is not a defendant in this action is relevant

only to the extent that Plaintiffs are limited -- as with any interrogatories -- to seeking information

regarding the HSBC Defendants' communications with the Government relating to the January

18, 2018 deferred prosecution agreement.


## III.  <u>Conclusion</u>

It is hereby **ORDERED** that, for the aforementioned reasons, Plaintiffs' letter motions at

Dkt. Nos. 549 and 557 are **DENIED** to the extent that Plaintiffs seek to amend the Stipulation,

and **GRANTED** to the extent that Plaintiffs seek to serve interrogatories on the HSBC

Defendants to inquire into communications between the HSBC Defendants and the Government

related to the January 18, 2018, deferred prosecution agreement.  The HSBC Defendants' letter

motion at Dkt. No. 557 is **DENIED** as moot.

The Clerk of Court is respectfully requested to close the motions at Dkt. No. 549, 557 and

568.

Dated: June 25, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE