UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    JOHN NYPL, et al.,
                                  Plaintiffs,

                                 15 Civ. 9300 (LGS)
              -against-

                                   <u>ORDER</u>
    JP MORGAN CHASE & CO., et al.,
                                Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    **I.**    **Responses to the Court's September 10, 2020, Order (Dkt. No. 645) Regarding Discovery Related to Communications with the Department of Justice**

WHEREAS, pursuant to the Fourth Amended Civil Case Management Plan and Scheduling Order, the deadline for the completion of all fact discovery was July 20, 2020.  Dkt. No. 615.

WHEREAS, pursuant to the Court's Orders at Docket Nos. 574 and 622, on August 21, 2020, the parties filed a joint status letter (1) to apprise the Court of the status of certain interrogatory responses, any supplemental responses and any related disputes; (2) to inform the Court of whether Plaintiffs intend to seek depositions based upon their interrogatory responses, the proposed dates for any such depositions and any related disputes; and (3) to propose appropriate amendments to Sections II and IV of the Third Amended Civil Case Management Plan and Scheduling Order.  Dkt. No. 623.

WHEREAS, the Court held a conference on September 10, 2020, to address, among other issues, the issues the parties raised in their August 21, 2020, joint status letter.

WHEREAS, during the September 10, 2020, conference, the Court indicated that it would not allow depositions, because the individuals Plaintiffs intended to depose were primarily in-house lawyers who acquired information about the case through privileged communications, and

"the most proportional and effective way" to conduct discovery, in this instance, "is through documents." Dkt. No. 656 at 22-23.

WHEREAS, on September 10, 2020, the Court ordered the parties to meet and confer to discuss (i) the further production of any previously requested documents or information that either are or reflect communications between Defendants and the United States Department of Justice, related and leading up to the plea agreements referenced in the stipulation the Court approved on March 18, 2018, (Dkt. No. 425), and (i) the timing of Plaintiffs' production of their final expert report in support of class certification, and further, ordered the parties to file a joint status letter (i) apprising the Court of the outcome of the parties' discussion, (ii) informing the Court of any remaining disputes and (iii) proposing a deadline for the production of Plaintiffs' final expert report in support of class certification.  Dkt. No. 645.

WHEREAS, the Court approved the parties' requests to file separate letters.  Dkt. No. 653.

WHEREAS, on September 21, 2020, Plaintiffs filed a letter pursuant to the Court's Orders at Docket Nos. 645 and 653.  Dkt. No. 655.  Plaintiffs' September 21, 2020, letter noted that "[a]s specifically enumerated in Plaintiffs' August 21, 2020, letter there were many items that were not provided in [Defendants'] answers." *Id*. at 3.  Plaintiffs' September 21, 2020, letter also requested that:

- (1) the Court "review Plaintiffs' early and continued demands for depositions and recognize that the Plaintiffs have not been lax in their attempt to obtain deposition testimony for at least the last four years, as well as the fact that the Court has only recently permitted Plaintiffs to seek information related to the Defendants' communications with the Government," (*id*. at 2); and

2

- (2) the Court compel UBS to produce to Plaintiffs, "the letters identified in their answers to interrogatories written by their counsel to the Government," (the "UBS Letters"), (*id*. at 3).

WHEREAS, on September 23, 2020, Defendants filed a responsive letter pursuant to the Court's Orders at Docket Nos. 645 and 653.  Dkt. No. 659.

WHEREAS, on September 30, 2020, Plaintiffs filed a letter responsive to Defendants' letter at Docket No. 659.  Dkt. No. 665.

WHEREAS, "[a] motion for reconsideration should be granted only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal citation and quotation marks omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation and quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id*. (internal citations quotation marks omitted).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."  *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).  It is hereby

**ORDERED** that, Plaintiffs' request that the Court "review Plaintiffs' early and continued demands for depositions and recognize that the Plaintiffs have not been lax in their attempt to

obtain deposition testimony for at least the last four years, as well as the fact that the Court has only recently permitted Plaintiffs to seek information related to the Defendants' communications with the government," is construed as a motion for reconsideration of the Court's ruling during the September 10, 2020, conference, that depositions will not be allowed.  It is further

**ORDERED** that, Plaintiffs' motion for reconsideration is **DENIED** as Plaintiffs have failed to identify any "intervening change of controlling law, [] availability of new evidence, or [] need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikon, Inc.*, 729 F.3d at 104, that would require to Court to reconsider its ruling.  It is further

**ORDERED** that, to the extent that Plaintiff's assertion that, "[a]s specifically enumerated in Plaintiffs' August 21, 2020, letter there were many items that were not provided in [Defendants'] answers," (Dkt. No. 655 at 3), is a request that the Court compel Plaintiffs to produce documents identified in the August 21, 2020, letter,  Plaintiffs' motion to compel is **DENIED** without prejudice to renewal, on ground that Plaintiffs have not complied with the Court's September 10, 2020, Order (Dkt. No. 645).  By **October 8, 2020**, Plaintiffs shall file any renewed motion to compel (i) specifically identifying each of the documents Plaintiffs identified in the parties' joint letter filed on August 21, 2020, (Dkt. No. 623), about which the parties have met and conferred but for which the parties have not reached a resolution.  It is further

**ORDERED** that, Plaintiffs' motion to compel production of the UBS Letters is **DENIED** on ground that the UBS Letters "have no information concerning fines or fine calculations relating to FX," "relate[] to LIBOR, not FX," and are accordingly, not relevant to this action.  It is further

**ORDERED** that, Defendants shall complete their production of documents, including related privilege logs, by **October 22, 2020**, and Plaintiffs shall produce their final expert report

4

in support of class certification within 30 days of October 22, 2020, or by **November 23, 2020**.

### II. Plaintiffs' Request for Leave to Issue a 30(b)(6) Deposition Notice to JPMorgan

WHEREAS, on September 21, 2020, Plaintiffs filed a letter motion requesting leave to serve a 30(b)(6) deposition notice on Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., (collectively, "JPMorgan").  Dkt. No. 654.

WHEREAS, on September 23, 2020, JPMorgan filed a responsive letter to Plaintiffs' September 21, 2020, letter motion at Docket No. 654.  Dkt. No. 658.

WHEREAS, on September 30, 2020, Plaintiffs filed a letter responsive to JPMorgan's September 23, 2020, letter at Docket No. 654.  Dkt. No. 664.  It is hereby

**ORDERED** that, for substantially the reasons stated in JPMorgan's September 23, 2020, responsive letter (Dkt. No. 658), Plaintiffs' request for leave to serve a 30(b)(6) deposition notice is **DENIED**.

Dated: October 1, 2020
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**