**ALIOTO LAW FIRM**
ONE SANSOME STREET, 35TH FLOOR
SAN FRANCISCO, CALIFORNIA  94104

*Via ECF*

October 13, 2020

The Honorable Lorna G. Schofield
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

By **October 19, 2020**, Defendants shall file a responsive letter, not to exceed four pages.

**So Ordered.**

Dated:  October 14, 2020
　　　　New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

　　　　Re:　　*John Nypl, et al. v. JP Morgan Chase & Co et al.,* No. 15-cv-9300 (LGS)

Dear Judge Schofield:

　　　　Pursuant to this Court's Order of October 10, 2020, the Court stated that Plaintiffs may file this renewed motion to compel the defendants to produce their communications with the DOJ: "Plaintiffs shall file any renewed motion to  compel (1) specifically identifying each of the documents Plaintiffs identified in the parities' joint letter filed on August 21, 2020. (Dkt. No. 623), about which the parties have met and conferred but for which the parties have not reached a resolution."

　　　　<u>Documents Sought in the August 21, 2020 Letter That Have Not Been Produced</u>

　　　　The following documents that Plaintiffs sought in their joint August 21, 2020, letter have not been produced:

　　　　1. Documents showing "The total fix order volume for the WM/R and ECB fixes" from 2008 to 2012 referenced in the Defendants' Appendices;

　　　　2. Documents showing "The spot FX market share" for each of the Defendants, as referenced in the Appendices;

　　　　3. Documents showing the "methodology" used by the DOJ to calculate Defendants' fines, as referenced in the Appendices;

　　　　4. Documents showing the "overlapping financial sanctions imposed by other regulatory and enforcement entities" argued by each Defendant to minimize the DOJ fines, as referenced in the Appendices; and

　　　　5. Documents, presentations, or mathematical calculations that were referenced by Defendants in their responses (*fn1*) and that must have been exchanged between the Defendants and the DOJ - or any other regulatory entity - including any reference by Defendants to three pips.

　　　　6. Defendants' notes or memoranda reflecting communications with the Government. Barclays, Chase, RBS, Citibank, and UBS have all disclosed the existence of notes.  To the extent that these notes record, in sum or substance, or reflect what the DOJ gave or said to the Defendants and what the Defendants gave or said to the DOJ, they must be produced.

　　　　All of these documents are well within the scope of documents and information that the Court has indicated that Plaintiffs are entitled to obtain from the Defendants.  Indeed, at the

Page 2

discovery conference held on September 10, 2020, the Court repeatedly noted that Plaintiffs are entitled to obtain the Defendants' communications with the Government:

> But basically is what I was thinking <u>to ensure</u> is <u>that the plaintiffs would obtain the communications between the defendants and the DOJ</u>."  (9/10/20 Tr., at p. 3:21-23.)
>
> ****
>
> Just to let the [Defendants] understand, my view has been more or less <u>from the beginning that the plaintiffs are entitled to whatever information you disclosed to the government</u>. It may be unwieldy for them to ask for and obtain all of it; <u>but as we all know</u>, <u>that is not privileged information</u>. It may not all be highly probative, but it certainly is information that is subject to discovery unless it is not proportionate to the needs of the case or some other issue. . . <u>So error on the side of producing things that were produced to the government</u>… (*Id*. at pp. 21:22-22:18).
>
> ****
>
> THE COURT: I will issue an order today that makes clear what I want is a joint letter by Friday of next week that reports on the results of your meet and confer concerning the production of <u>documents that are **either** communications with the DOJ **or** that **reflect** communications with the DOJ</u> leading up to the plea agreement.  (*Id*. at p. 26:12-17).

And specifically with regard to the notes (Item 6 above) that have been withheld by Defendants, the Court has indicated exactly what the Court expects to be produced:  "Anyone taking notes? Were the notes preserved? Did anyone write a memo afterwards? Is the memo close to verbatim…" (6/4/2020 Hrg. Tr., at p. 8:13-15.)

The Defendants have failed to answer or produce what the Defendants said to the government and what the Government said to Defendants.

Instead of producing what the Defendants said to the Government or what the Government said to Defendants, the Defendants guilefully re-created what they determined was the communication through the hearsay filter of the Defendants' attorneys themselves.  As this Court stated at the September 10, 2020, hearing:

> COURT: Have you provided to the plaintiff all of the written materials that you provided to the government or reflecting communications with the government about the calculation of the fine?
>
> MR. MISHKIN: Yes, your Honor. The answer is yes. We undertook a <u>process similar to the other defendants in **recreating** what those communications were</u> about the penalty calculation. By and large they were oral and <u>so we **described** the substance</u> of those communications.  (9/10/20 Tr., at p. 14:11-19.)

Further, the Court's multiple questions to other counsel as to whether or not they had produced all the documents of the communications between the Defendants and the DOJ were never answered. (9/10/20 Tr., at p. 4, line 15, *et seq*.; page 5, line 12, *et seq*; page 6, line 9, *et seq*.; page 7, line 5, *et seq*.; page 8, line 8, *et seq*.)

The actual communications with the Government are evidence, not the Defendants' attorneys' re-creation of them.  Plaintiffs are entitled to the actual communications by the Defendants or the DOJ.  So far, this information has not been provided to the Plaintiffs.

<u>Defendants Have Refused to Produce Relevant Documents</u>

**1.      Notes and Memoranda of Meetings and Telephone Calls with the Government**

Page 3

Defendants Barclays, Chase, RBS, Citibank, and UBS have all refused to produce the notes of telephone calls and meetings with the Government identified in the appendices to their answers to interrogatories.  Plaintiffs do not seek privileged portions of these notes. Plaintiffs only seek those portions of the notes or memos that reflect conversations and communications between Defendants and the Government.  The Court has said that Plaintiffs are entitled to have "documents that are either communications with the DOJ or that reflect communications with the DOJ leading up to the plea agreement." To the extent that these notes record what was said to the government and what the government said to Defendants, these notes and memoranda would reflect communications that should be produced.

2.      **Documents Concerning Communications about Fines Paid to Other Government Agencies**

Any efforts by the Defendants to reduce their fines imposed upon them by other agencies for price-fixing in foreign exchange must be revealed if they were communicated to the DOJ:

> MR. ALIOTO: Because there were fines. They were using the fines imposed by these other entities to offset these fines. Specifically, they were able to convince the DOJ to do that.
> "THE COURT: Well, if they were included in the communications with the DOJ, then, <u>yes, you can get whatever they communicated to the DOJ</u>.
> (Transcript, September 10, 2020, at page 26, line 24 – page 27, line 7.)

As a result, any oral conversations that relate to this issue should be disclosed and these communications should be produced.

3.      **Defendant UBS Has Specifically Refused to Produce Documents Concerning Communications about Fines Paid to Other Government Agencies**

As a matter of information, even though the Court has already ruled on this issue, we believe that we must bring to the attention of the Court what, in the opinion of Plaintiffs, the Court overlooked and misapprehended with regard to the FX violations of UBS.

UBS had already violated the antitrust laws in the LIBOR case.  Instead of a plea agreement, UBS was able to get a non-prosecution agreement with the government.  If it violated the law again, that would be a breach and revocation of the non-prosecution agreement in LIBOR.  The letters by UBS to the DOJ that Plaintiffs have been seeking were attempts to convince the DOJ that their NPA in LIBOR should not be revoked because of their price-fixing of the foreign exchange rates.  Therefore, the focal point of the letters was the FX violations.  It is unknown whether the DOJ revoked the NPA in LIBOR because of UBS' price-fixing of foreign exchange rates.  The Defendants' assertion that these letters did not involve FX conduct is simply not true.  The letters summarized UBS' views that the FX price-fixing did not warrant revocation of the NPA in LIBOR.

In conclusion, Plaintiffs submit that the Defendants should be compelled to produce all of the communications between themselves and the DOJ as the Court ordered "from the beginning that the plaintiffs are entitled to <u>whatever information you disclosed to the government</u>." (9/10/20 Tr., at p. 21:22-24.)

Respectfully submitted:


By: <u>*/s/ Joseph M. Alioto*</u>

Page 4

Joseph M. Alioto

cc:     All Counsel of Record via ECF


Footnote 1[1]


---

[1] Just before the deadline for filing Plaintiffs' Motion to Compel, Defendants made limited productions. These productions do not significantly respond to the August 21, 2020 document demands, nor do they specify what the DOJ gave or said to the Defendants nor what the Defendants gave or said to the DOJ. They are as follows:  On October 6, 2020, Citi served on Plaintiffs about 13 spreadsheets of market/transaction data, a publicly available sentencing memorandum, one letter communication to the Government, and a single email attempting to schedule a meeting with the DOJ.  On October 7, 2020, Citi served on Plaintiffs approximately 81,000 audio files of FX trader recordings produced to the Government. On October 7, 2020, RBS made a limited production of approximately 200 pages, which consists of the following:  (1) the February 27, 2015 letter from Defendant to the U.S. Department of Justice; (2) the United States' Sentencing Memorandum and Motion for Departure filed with the U.S. District Court for the District of Connecticut on December 1, 2016; (3) RBS's May 15, 2014 Presentation to the DOJ; and (4) RBS's August 21, 2014 Presentation to the DOJ.  On October 8, 2020, Defendant JPMorgan produced one 12-page letter submitted to the DOJ by its outside counsel and produced a "summarized version" of portions of a March 5, 2015, letter in lieu of production of the letter itself.