UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    JOHN NYPL, et al.,
                                Plaintiffs,

                            15 Civ. 9300 (LGS)
             -against-

                            ORDER
    JP MORGAN CHASE & CO., et al.,
                              Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**I.    Documents Other Than the UBS Letters**

WHEREAS, pursuant to the Third Amended Civil Case Management Plan and Scheduling Order, all fact discovery was to be completed by July 20, 2020. Dkt. No. 548.

WHEREAS, the Court permitted limited fact discovery after the July 20, 2020, deadline, of documents or information that either are or reflect communications between Defendants and the United States Department of Justice, related and leading up to the plea agreements referenced in the stipulation the Court approved on March 18, 2018 (Dkt. No. 425). *See, e.g.*, Dkt. No. 645.

WHEREAS, pursuant to the Court's Orders at Docket Nos. 574 and 622, on August 21, 2020, the parties filed a joint status letter to apprise the Court of certain discovery disputes. Dkt. No. 623.

WHEREAS, the Court held a conference on September 10, 2020, to address, among other issues, the issues the parties raised in their August 21, 2020, joint status letter.

WHEREAS, on September 10, 2020, the Court ordered the parties to meet and confer to discuss the further production of any previously requested documents or information that either are or reflect communications between Defendants and the United States Department of Justice, related and leading up to the plea agreements referenced in the stipulation the Court approved on

March 18, 2018, (Dkt. No. 425), and to file a status letter apprising the Court of the outcome of the parties' discussion and informing the Court of any remaining disputes.  Dkt. No. 645.

WHEREAS, on September 21, 2020, Plaintiffs filed a letter pursuant to the Court's Orders at Docket Nos. 645 and 653.  Dkt. No. 655.  Plaintiffs' September 21, 2020, letter noted that "[a]s specifically enumerated in Plaintiffs' August 21, 2020, letter there were many items that were not provided in [Defendants'] answers."  *Id*. at 3.

WHEREAS, on September 23, 2020, Defendants filed a responsive letter pursuant to the Court's Orders at Docket Nos. 645 and 653.  Dkt. No. 659.

WHEREAS, on September 30, 2020, Plaintiffs filed a responsive letter to Defendants' September 23, 2020, letter at Docket No. 659.  Dkt. No. 665.

WHEREAS, on October 1, 2020, the Court construed Plaintiff's assertion that, "[a]s specifically enumerated in Plaintiffs' August 21, 2020, letter there were many items that were not provided in [Defendants'] answers," (Dkt. No. 655 at p. 3), as a motion to compel; denied the motion without prejudice to renewal; and directed Plaintiffs to file, by October 8, 2020, any renewed motion to compel specifically identifying each of the documents Plaintiffs identified in the parties' joint letter filed on August 21, 2020, (Dkt. No. 623), about which the parties had met and conferred but for which the parties had not reached a resolution.

WHEREAS, the Court granted an extension of Plaintiffs' time to file a renewed motion to compel.  Dkt. No. 668.

WHEREAS, on October 14, 2020, Plaintiffs filed a pre-motion letter in anticipation of a renewed motion to compel, seeking the production of the following:

    1. "[d]ocuments showing '[t]he total fix order volume for the WM/R and ECB fixes' from 2008 to 2012 referenced in the Defendants' Appendices";

2

2. "[d]ocuments showing '[t]he spot FX market share' for each of the Defendants, as referenced in the Appendices;

3. "[d]ocuments showing the 'methodology' used by the DOJ to calculate Defendants' fines, as referenced in the Appendices";

4. "[d]ocuments showing the 'overlapping financial sanctions imposed by other regulatory and enforcement entities' argued by each Defendant to minimize fines, as referenced in the Appendices";

5. "[d]ocuments, presentations, or mathematical calculations that were referenced by Defendants in their responses (fn1) and that must have been exchanged between the Defendants and the DOJ -- or any regulatory entity -- including any reference by Defendants to three pips"; and

6. "[d]efendants' notes or memoranda reflecting communications with the Government." Dkt. No. 669 at p. 1.

WHEREAS, on October 19, 2020, Defendants filed a responsive letter to Plaintiffs' October 14, 2020, pre-motion letter at Docket No. 669, indicating that, with the exception of UBS, Defendants have produced or described as withheld on a privilege log, all documents about which the parties met and conferred. Dkt. No. 671.

WHEREAS, on October 22, 2020, Plaintiffs filed a responsive letter to Defendants' October 19, 2020, responsive letter at Docket No. 671. Dkt. No. 675. It is hereby

**ORDERED** that, Plaintiffs' October 14, 2020, pre-motion letter at Docket No. 669 is construed as a motion to compel. It is further

**ORDERED** that, Plaintiffs' motion to compel is **DENIED** (i) for substantially the reasons stated in Defendants' October 19, 2020, responsive letter at Docket No. 671, including

3

that Defendants (with the exception of UBS) have either produced or identified as privileged any documents responsive to Plaintiffs' requests, and further, because (ii) Plaintiffs' document requests exceed the scope of the limited fact discovery that the Court permitted (s*ee, e.g.*, Dkt. No. 645), and (iii) Plaintiffs' October 14, 2020, pre-motion letter referenced broad categories of documents and did not specifically identify documents about which the parties met and conferred but could not reach a resolution.

**II.     The UBS Letters**

WHEREAS, Plaintiffs' September 21, 2020, letter also requested that the Court compel UBS to produce to Plaintiffs, "the letters identified in their answers to interrogatories written by their counsel to the Government," (the "UBS Letters").  Dkt. No. 655, p. 3.

WHEREAS, Defendants' September 23, 2020, responsive letter indicated that the UBS Letters "have no information concerning fines or fine calculations relating to FX.  UBS's guilty plea and DOJ fine related to LIBOR, not FX."  Dkt. No. 659, p. 2.

WHEREAS, on September 30, 2020, Plaintiffs filed a responsive letter to Defendants' September 23, 2020, responsive letter at Docket No. 659, but did not address the contention that the UBS Letters "have no information concerning fines or fine calculations relating to FX."  *See* Dkt. No. 665.

WHEREAS, on October 1, 2020, the Court denied Plaintiffs' motion to compel production of the UBS Letters on the ground that the UBS Letters "have no information concerning fines or fine calculations relating to FX," "relate[] to LIBOR, not FX," and are accordingly, not relevant to this action.  Dkt. No. 666 at p. 4.

WHEREAS, Plaintiffs' October 13, 2020, pre-motion letter requests that the Court compel UBS "to produce all of the communications between themselves and the DOJ"; indicates

that the "focal point of the [UBS Letters is] the FX violations"; and explains that "UBS had already violated the antitrust laws in the LIBOR case.  Instead of a plea agreement, UBS was able to get a non-prosecution agreement with the government.  If it violated the law again, that would be a breach and revocation of the non-prosecution agreement in LIBOR."  Dkt. No. 669 at p.3.

WHEREAS, Defendants' October 19, 2020, responsive letter addresses the UBS Letters. Dkt. No. 671, pp. 3-4.

WHEREAS, Plaintiffs' October 22, 2020, responsive letter addresses the UBS Letters. Dkt. No. 675, p. 3.

WHEREAS, "[a] motion for reconsideration should be granted only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal citation and quotation marks omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation and quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id*. (internal citations quotation marks omitted).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).  It is hereby

**ORDERED** that, Plaintiffs' request that the Court compel UBS "to produce all of the

5

communications between themselves and the DOJ" is construed as a motion for reconsideration. It is further

**ORDERED** that, Plaintiffs' motion for reconsideration is **DENIED** as Plaintiffs have not identified "an *intervening* change of controlling law, the availability of *new* evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikon, Inc.*, 729 F.3d at 104 (emphasis added), that would require to Court to reconsider its ruling. Specifically, Plaintiffs have failed to identify new evidence that became available after Plaintiffs filed their September 30, 2020, reply to Defendants' September 23, 2020, responsive letter at Docket No. 659.

The Clerk of Court is respectfully directed to close Docket No. 669.

Dated: October 23, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**