**ALIOTO LAW FIRM**
ONE SANSOME STREET, 35TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104

<u>*Via ECF*</u>

November 12, 2020

The Honorable Lorna G. Schofield
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *John Nypl, et al. v. JP Morgan Chase & Co et al.,* No. 15-cv-9300 (LGS)

Dear Judge Schofield:

      Pursuant to this Court's Individual Rules and Procedures for Civil Cases, ¶ III.A and the Court's November 4, 2020, Order (Dkt. No. 683), the *Nypl* Plaintiffs respectfully submit this pre-motion conference letter seeking an order from the Court requiring UBS, who was the amnesty applicant in the FOREX case, and Citigroup, Barclays, Bank of America, RBS, and HSBC, all of whom gave cooperation to the FOREX Plaintiffs to materially assist them in prosecuting their case against the remaining co-conspirators, to comply with this Court's specific Order of three years ago on September 17, 2017 (Dkt. No. 216), which states in pertinent part as follows: "ORDERED that Defendants shall produce documents produced to plaintiffs in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13 Civ. 7789 ("FOREX") either in the course of the litigation or pursuant to their settlement agreements, except documents comprising trade data."

      Notwithstanding the evasion by UBS to verify that it was in fact the amnesty applicant in the *FOREX* case, it is factually established beyond dispute in the declaration of Christopher M. Burke and Michael D. Hausfeld, Lead Counsel in the *FOREX* case, that "UBS was the amnesty applicant under the DOJ's leniency program." *See In re FOREX*, 1:13-CV-07789-LGS (ECF 481) October 22, 2015, page 21, para. 66. As the amnesty applicant in that case pursuant to The Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA"), Pub. L. No. 108-237, tit. II 118 Stat. 661 (2004) which reduces potential damages liability for the amnesty applicant if it provides "satisfactory cooperation" to plaintiffs (*Id*. at §213), UBS was required to provide "satisfactory cooperation" to the plaintiffs, which cooperation "shall include":

> (1) providing a full account to the claimant of all facts known to the applicant or cooperating individual, as the case may be, that are potentially relevant to the civil action;
> (2) furnishing all documents or other items potentially relevant to the civil action that are in the possession, custody, or control of the applicant or cooperating individual, as the case may be, wherever they are located; and
> (3)    (A) in the case of a cooperating individual—
>> (i) making himself or herself available for such interviews, depositions, or testimony in connection with the civil action as the claimant may reasonably require;
>> (ii) responding completely and truthfully, without making any attempt either falsely to protect or falsely to implicate any person or entity, and without intentionally withholding any potentially relevant information, to

Page 2

>     all questions asked by the claimant in interviews, depositions, trials, or any other court proceedings in connection with the civil action; or
>
> (B) in the case of an antitrust leniency applicant, using its best efforts to secure and facilitate from cooperating individuals covered by the agreement the cooperation described in clauses (i) and (ii) and subparagraph (A).

ACPERA, § 213(b)(l)-(3); *see, In re Aftermarket Automotive Lighting Products Antitrust Litigation,* Case No. 09 MDL 2007–GW(PJWx), 2013 WL 2013 WL 4536569, at *4 (C.D. Cal. Aug. 26, 2013) (noting that ACPERA "requires more" than "compliance with discovery obligations under the federal rules.")

The *FOREX* declaration establishes that UBS, "proffered additional collusive conduct, including manipulation of multiple currency pairs (including fixing bid-ask spreads) throughout the day, in addition to existing allegations of fixing benchmark rates. UBS also identified additional banks and other market participants they knew to have participated in the conspiracy, as well as additional chat rooms where some of the collusive conduct occurred." *Id*. at ¶ 68. UBS was required to provide, "cooperation not only as to the conduct alleged in the then-operative CAC (*i.e.*, fixing of FX benchmark rates), but also additional conduct related to the FX market." *Id*. at ¶ 69. In addition, the FOREX declaration notes that "UBS's continuing cooperation will materially assist Class Plaintiffs in prosecuting the Action against the Non-Settling Defendants." *Id.* at ¶ 74.

The Nypl Plaintiffs have been substantially prejudiced over the last three years, from the date of this Court's Order of September, 2017, by reason of Defendants' failure to accord to them the cooperation of these Defendants in all respects that was provided to the other FOREX Plaintiffs, including their proffers of proof, the interviews of their employees and the confessions of their guilt. The Nypl Plaintiffs are the representatives of the putative class of all the consumers and businesses who have been cheated by the admitted unlawful conduct and contumacious disregard of the law of these major banks. These Defendants must be compelled to obey the Order of this Court requiring that they "shall produce documents produced to the plaintiffs in" the FOREX case.

In accordance with the Court's September 17, 2017, Order, the *Nypl* Plaintiffs respectfully move that this Court compel UBS, and the others Defendants listed above, to produce to the *Nypl* Plaintiffs the same information that UBS provided to the *FOREX* plaintiffs and, that at least UBS use its "best efforts to secure and facilitate" the production of witnesses to participate "in interviews, depositions, trials, or any other court proceedings in connection with the civil action." ACPERA, § 213(b)(l)-(3).

**Plaintiffs' pre-motion letter is construed as a motion to compel and is DENIED.** All fact discovery was to be completed by July 20, 2020, (Dkt. No. 548), and the Court only permitted limited fact discovery after the July 20, 2020, deadline pursuant to the Order at Dkt. No. 645. Pursuant to the Court's November 4, 2020, Order at Dkt. No. 683, fact discovery is now closed and any requests for additional discovery are untimely. Plaintiffs' request to compel Defendants to produce documents in response to the Court's September 7, 2017, Order at Dkt. No. 216 -- issued more than three years ago and in advance of the deadline for the completion of all fact discovery -- is untimely.

Respectfully submitted:

By: */s/ Joseph M. Alioto*

Joseph M. Alioto

Dated:  November 13, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE