UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
    JOHN NYPL, et al.,
                                 Plaintiffs,

    -against-                             15 Civ. 9300 (LGS)

                                             ORDER
    JPMORGAN CHASE & CO., et al.,
                               Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, courts have an independent duty to assess subject-matter jurisdiction. *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 347 (2d Cir. 2018);

    WHEREAS, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (internal quotation marks omitted);

    WHEREAS, "Article III, Section 2 of the Constitution limits the subject-matter jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *SM Kids, LLC v. Google LLC*, 963 F3d 206, 211 (2d Cir. 2020);

    WHEREAS, "[t]he standing doctrine, which emerges from Article III, is designed 'to ensure that federal courts do not exceed their authority as it has been traditionally understood.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016));

    WHEREAS, plaintiffs must demonstrate standing for each claim. *Town of Chester v. Laroe Estates, Inc.*, 137 S Ct. 1645, 1650 (2017);

    WHEREAS, Defendants provided evidence that Plaintiff Nypl lacks Article III standing. (Dkt. No. 726 at 29). Plaintiffs did not refute this evidence. (Dkt. No. 738 at 12-13);

    WHEREAS, Plaintiff Nypl is the sole Plaintiff in this action asserting a claim under the

California Unfair Competition Law.  (Dkt. No. 186 at 15-16; Dkt. No. 190 ¶¶ 98-100).   It is hereby

      **ORDERED** that Plaintiffs shall file a letter, not to exceed five pages, by **November 12, 2021**, explaining why the California Unfair Competition Law claim should not be dismissed for lack of subject-matter jurisdiction.  It is further

      **ORDERED** that Defendants shall file a letter response, not to exceed five pages, by **November 19, 2021**.

Dated: November 4, 2021
       New York, New York

                                                  LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE