```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
JOHN NYPL, et al.,                                           :
                              Plaintiffs,                    :
                                                             :        15 Civ. 9300 (LGS)
-against-                                                    :
                                                             :              ORDER
JPMORGAN CHASE & CO., et al.,                                :
                              Defendants.                    :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, courts have an independent duty to assess subject matter jurisdiction. *Hertz Corp. v Friend*, 559 U.S. 77, 94 (2010); *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 347 (2d Cir. 2018) (Calabresi, J., concurring);

WHEREAS, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (internal quotation marks omitted);

WHEREAS, "Article III, Section 2 of the Constitution limits the subject-matter jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) (citation omitted);

WHEREAS, "[t]he standing doctrine, which emerges from Article III, is designed 'to ensure that federal courts do not exceed their authority as it has been traditionally understood.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "The doctrine imposes three requirements: '[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spokeo, Inc.*, 136 S. Ct. at 1547);

WHEREAS, plaintiffs must demonstrate standing for each claim. *Town of Chester v.*

*Laroe Ests., Inc.*, 137 S. Ct. 1645, 1650 (2017);

WHEREAS, once the issue of standing is put at issue, a District Court has leeway as to the procedure it follows. *All. for Envt. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 (2d Cir. 2006). If genuine disputes of material fact exist, a Court may conduct a hearing, or the issue may be resolved on motion supported by affidavits. *Id.* Here, no party has requested an evidentiary hearing and, as explained below, no material fact is in dispute that would warrant a hearing;

WHEREAS, Defendants pointed to evidence that Plaintiff Nypl lacks Article III standing in their memorandum of law in opposition to the Plaintiffs' motion for class certification. (Dkt. No. 726 at 29). Nypl testified at his deposition that he has not taken cash into a bank branch and exchanged it for foreign currency. He further testified that he does not remember ever going to a bank branch where he had an account and trading currency there. He then testified that he does not have any recollection of ever going to a bank branch in the U.S. and exchanging currency;

WHEREAS, Plaintiffs did not dispute this evidence. (Dkt. No. 738 at 12-13);

WHEREAS, Plaintiffs were provided an additional opportunity to meet their burden of showing that Nypl has standing and to explain why the California Unfair Competition Law claim should not be dismissed for lack of subject matter jurisdiction because Nypl is the only Plaintiff asserting that claim (Dkt. No. 770 at 2);

WHEREAS, Nypl did not refute the evidence identified by Defendants to show that he lacks standing, offered no contrary evidence that shows that he has standing and has not met his burden of demonstrating standing. Although Plaintiffs quote a litany of deposition testimony to argue that Nypl has standing, none of that testimony answers the straightforward standing question at issue here. The claims in this action are limited to injuries connected to transactions "involving foreign currency purchased with U.S. Dollars and physically received at Defendants'

retail branches within the United States." (Dkt. No. 349 at 1).  Plaintiffs have not presented any evidence to show that Nypl participated in such a transaction and therefore, cannot show that he has suffered an injury for purposes of Article III standing.  Other than the bald assertion that Nypl "did refute" Defendant's evidence that he lacks standing, Plaintiffs present no argument or analysis to connect the evidence they have identified to any basis for finding that Nypl has standing.

Plaintiffs have presented evidence of some transactions by Nypl, but none meeting the contours of the claims in this case.  First, Plaintiffs point to testimony that at some point Nypl gave U.S. Dollars to one of the defendants and received a non-U.S. currency in return.  This testimony is insufficient to meet his burden because it does not provide any details about the transaction, such as the currencies exchanged, the geographic location of the exchange, whether a bank branch was involved or which Defendant was involved.  Second, Plaintiff Nypl points to testimony that he lived in California from January 2007 to December 2013, and that he exchanged currency on many occasions.  That testimony does not support Nypl's standing because it states that the exchange of currency took place outside of the United States.  Nypl stated, "I have exchanged currency. . . . I don't recall specific dates, but I've done it on many occasions.  I've traveled to many countries, and I do it wherever I go."  The claims in this case are limited to transactions "involving foreign currency purchased with U.S. Dollars and physically received at Defendants' retail branches within the United States."  (Dkt. No. 349 at 1, 4).  Third, Plaintiffs point to testimony that Nypl has exchanged money in airports, that he has sometimes conducted ATM transactions and that his ex-wife has exchanged money at a Chase Bank.  Again, none of this testimony supports finding that Nypl has purchased foreign currency with U.S. Dollars at bank branches in the United States.

WHEREAS, Nypl is the sole plaintiff in this action asserting a claim under the California

Unfair Competition Law ("CUCL").  (Dkt. No. 186 at 15-16; Dkt. No. 190 ¶¶ 98-100);

WHEREAS, to the extent Plaintiffs characterize Nypl's standing issue as one of supplemental jurisdiction, their argument is misplaced.  Plaintiffs' letter argues that the Court has supplemental jurisdiction over the CUCL claim.  This argument fails to address the threshold issue of whether there is a case and controversy sufficient to provide Nypl with standing to bring his claim -- a question separate from that of supplemental jurisdiction.  "A plaintiff must demonstrate standing for *each* claim." *Town of Chester*, 137 S. Ct. at 1650 (emphasis added) (internal quotation marks omitted).  It is hereby

**ORDERED** that the CUCL claim is DISMISSED for lack of subject matter jurisdiction because no plaintiff in this action has standing to bring such a claim.  It is further

**ORDERED** that Defendants' request for Nypl to be dismissed from the case entirely because he lacks standing is DENIED.  Under the one-plaintiff rule, so long as one plaintiff has standing to assert each claim in the case, a court can adjudicate the case without inquiring as to the standing of remaining plaintiffs.  *See Horne v. Flores*, 557 U.S. 433, 446 (2009) ("Because the superintendent clearly has standing to challenge the lower courts' decisions, we need not consider whether the Legislators also have standing to do so."); *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81, 84 n.2 (2d Cir. 2012) ("Where, as here, at least one plaintiff has standing, jurisdiction is secure and we can adjudicate the case whether the additional plaintiff has standing or not.").  Here, as to the remaining claims, which are brought on behalf of a putative nationwide class, two Plaintiffs, Lisa McCarthy and Valarie Jolly, testified at their depositions that they purchased foreign currency at JPMorgan branches and have met their burden of demonstrating standing for this stage of the litigation.

Dated: January 19, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE