Application GRANTED for substantially the reasons stated in this letter.

June 22, 2021

VIA ECF

The Clerk of Court is respectfully directed to maintain the entries and documents at Dkt. Nos. 718, 720, 723, 725, 726, 727, 733, 735, 738, 740, 743, 748, 751 and 753 under seal with access limited to the individuals listed in Appendix A to this letter and to close the motion at Dkt. No. 715.

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Dated:  March 21, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     *Nypl, et al. v. JPMorgan Chase & Co., et al.*, Case No. 1:15-cv-9300

Dear Judge Schofield:

Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, the parties respectfully seek leave to file under seal limited portions of the papers in support of and in opposition to plaintiffs' motion for class certification and the parties' *Daubert* motions (the "Parties' Submissions") as set forth below.

Certain portions of the Parties' Submissions quote directly from or otherwise refer to documents that have been designated as "Highly Confidential" under the Stipulation and Order of Confidentiality (hereinafter the "Protective Order") because they contain "material regarding trading and investment strategies, pricing and cost information, customer lists, business strategy, trade secrets and other commercial or financial information, the disclosure of which to another Party or non-party would create a substantial risk of causing the Disclosing Party to suffer significant competitive or commercial disadvantage . . . ."  (ECF No. 249 at 2-3.)  In particular, these documents disclose confidential, proprietary information concerning how each bank sets retail foreign exchange rates for the purchase of physical foreign currency at its retail branches in the United States.  Because the process used to set these rates reflects confidential pricing information and sensitive business strategies, the parties respectfully request that it not be disclosed publicly.  (*See* ECF No. 597, July 20, 2020 Order (granting plaintiffs' motion to seal portions of a joint letter containing similar information for this reason).)  The proposed redactions in the Parties' Submissions are narrowly tailored to ensure that the bulk of the Parties' Submissions will be publicly available on the docket.

The parties also respectfully request that the Court protect from public disclosure certain deposition testimony that is not material to class certification but has been designated Highly Confidential under the Protective Order.  By allowing the parties to file these transcripts under seal, the Court would be protecting from disclosure testimony that is not material to class certification but contains information that was designated Highly Confidential, while allowing public access to that testimony that is material to class certification through the parties' legal briefs.

As the Court knows, the Second Circuit has recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it."  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  For instance,

documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). *Cf. Burke v. Glanz*, No. 11-cv-720, 2013 WL 211096, at *4 (N.D. Okla. Jan. 18, 2013) ("Courts should be wary of modifying a protective order where a party has complied with discovery in reliance on the agreement.").

Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures of Civil Cases, the parties have prepared highlighted versions of the Parties' Submissions that they propose to file in redacted form and in unredacted form under seal.  The parties believe that these proposed redactions strike the proper balance between public access to court documents and protection of confidential business information.  Further pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, attached hereto as Appendix A is a list of all parties and attorneys of record who should have access to the sealed documents.

Respectfully submitted,

ALIOTO LAW FIRM

By:  /s/ Joseph M. Alioto*
    Joseph M. Alioto
    Tom Pier
    Theresa D. Moore

*Attorneys for Plaintiffs*

LAW OFFICES OF LINGEL H. WINTERS,
A Professional Corporation

By:  /s/ Lingel H. Winters*
    Lingel H. Winters

*Attorney for Plaintiffs*

LAWRENCE G. PAPALE

By: /s/ Lawrence G. Papale*
    Lawrence G. Papale

*Attorney for Plaintiffs*

CHRISTOPHER A. NEDEAU

By: /s/ Christopher A. Nedeau*
Christopher A. Nedeau

*Attorney for Plaintiffs*

SHEARMAN & STERLING LLP

By: s/ Adam S. Hakki*
    Adam S. Hakki
    Jeffrey J. Resetarits

*Attorneys for Defendants Bank of
America Corporation and Bank of
America, N.A.*

COVINGTON & BURLING LLP

By: s/ Andrew A. Ruffino*
    Andrew A. Ruffino
    Andrew D. Lazerow

*Attorneys for Defendants Citicorp,
Citigroup Inc. and Citibank N.A.*

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: s/ Boris Bershteyn
    Boris Bershteyn
    Peter S. Julian
    Tansy Woan

*Attorneys for Defendants JPMorgan
Chase & Co. and JPMorgan Chase
Bank, N.A*
.
GIBSON, DUNN & CRUTCHER LLP

By: s/ Eric J. Stock*
    Eric J. Stock
    Melanie L. Katsur

*Attorneys for Defendant UBS AG*

SULLIVAN & CROMWELL LLP

By: s/ Matthew A. Schwartz*
    Matthew A. Schwartz
    Maeghan O. Mikorski

*Attorneys for Defendants
Barclays PLC and Barclays Capital
Inc.*

LOCKE LORD LLP

By: s/ J. Matthew Goodin*
    Roger B. Cowie
    Gregory T. Casamento
    J. Matthew Goodin
    Julia C. Webb

*Attorneys for Defendants HSBC Bank
USA, N.A. and HSBC North America
Holdings, Inc.*

DAVIS POLK & WARDWELL LLP

By: s/ Paul S. Mishkin*
    Paul S. Mishkin
    Adam G. Mehes
    Alexander Bystryn

*Attorneys for Defendant The Royal
Bank of Scotland plc, now known as
NatWest Markets Plc*

*Signatures used with permission pursuant to S.D.N.Y. ECF Rule 8.5

APPENDIX A

| | |
|---|---|
| **Alioto Law Firm**<br>Joseph M. Alioto<br>Thomas P. Pier<br><br>*Attorneys for Plaintiffs* | **Law Offices of Lingel H. Winters**<br>Lingel H. Winters<br><br><br>*Attorneys for Plaintiffs* |
| **Nedeau Law Firm**<br>Christopher A Nedeau<br><br>*Attorneys for Plaintiffs* | **Law Offices of Lawrence G. Papale**<br>Lawrence Papale<br><br>*Attorneys for Plaintiffs* |
| **SHEARMAN & STERLING LLP**<br><br>Adam S. Hakki<br>Jeffrey J. Resetarits<br>George B. Adams<br><br>*Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.* | **SULLIVAN & CROMWELL LLP**<br><br>Matthew A. Schwartz<br>Maeghan O. Mikorski<br><br><br>*Attorneys for Defendants Barclays PLC and Barclays Capital Inc.* |
| **COVINGTON & BURLING LLP**<br><br>Andrew A. Ruffino<br>Andrew D. Lazerow<br><br><br>*Attorneys for Defendants Citicorp, Citigroup Inc. and Citibank N.A.* | **LOCKE LORD LLP**<br><br>Roger B. Cowie<br>Gregory T. Casamento<br>J. Matthew Goodin<br>Julia C. Webb<br><br>*Attorneys for Defendants HSBC Bank USA, N.A. and HSBC North America Holdings, Inc.* |
| **SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP**<br><br>Boris Bershteyn<br>Peter S. Julian<br>Tansy Woan<br><br>*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A* | **DAVIS POLK & WARDWELL LLP**<br><br>Paul S. Mishkin<br>Adam G. Mehes<br>Alexander Bystryn<br><br><br>*Attorneys for Defendant The Royal Bank of Scotland plc, now known as NatWest Markets Plc* |

**GIBSON, DUNN & CRUTCHER LLP**

Eric J. Stock
Melanie L. Katsur

*Attorneys for Defendant UBS AG*