May 23, 2022

VIA ECF

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Plaintiffs shall file a responsive letter, not to exceed three pages, by **May 31, 2022**.

So Ordered.

Dated: May 24, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Nypl, et al. v. JPMorgan Chase & Co., et al.*, Case No. 1:15-cv-9300

Dear Judge Schofield:

Pursuant to the Court's Individual Rules and Procedures for Civil Cases, Defendants write to request a pre-motion conference for a contemplated motion (i) to exclude any new, undisclosed opinions of Plaintiffs' retained expert, Carl Saba, (ii) to strike Plaintiffs' improper designation of Patricia Plonsker as a retained expert, and (iii) for summary judgment. To the extent Plaintiffs are relying solely on Mr. Saba's prior opinions from class certification, Defendants do not intend to rely at the merits stage upon any new experts or opinions beyond those previously disclosed by Dr. Bruce Strombom, which Plaintiffs fully interrogated and attempted to rebut at the class certification stage. If the Court excludes Ms. Plonsker and any new opinions from Mr. Saba, further expert discovery will be closed, and the case will be ripe for summary judgment.

The Court's March 21, 2022 Order (ECF 777) required Plaintiffs to disclose their merits expert(s) by April 18, 2022. (ECF 777). The disclosure Plaintiffs served on April 18 is attached hereto as Exhibit 1. Plaintiffs' disclosure identifies two retained purported experts: Carl Saba (who was Plaintiffs' class certification expert) and Patricia Plonsker (who is a newly retained purported expert). However, Plaintiffs did not serve any expert reports with their disclosure as required by Rule 26. *See* Fed. R. Civ. Proc. 26(a)(2)(B) ("this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case").[1]

As a result of Plaintiffs' failure to serve any merits expert report for Mr. Saba and Ms. Plonsker, Plaintiffs are prohibited at summary judgment and at trial from offering any new opinions from Mr. Saba and any opinions at all from Ms. Plonsker. Fed. R. Civ. Proc. 37(c)(1) ("If a party fails

---

[1] Defendants wrote to Plaintiffs on April 22, 2022 concerning Plaintiffs' failure to provide written report(s) with their disclosure of retained purported experts, among other issues. The parties met and conferred on April 26, and exchanged additional correspondence thereafter, and Plaintiffs made it clear that they made a conscious decision not to serve any merits expert reports. In a letter dated May 4, Plaintiffs stated "Ms. Plonsker is a retained expert but she did not make a report."

to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also*, *e.g.*, *Fordec Realty Corp. v. Travelers Excess and Surplus Lines Co.*, No. 18-cv-00085, 2020 WL 1445711 (S.D.N.Y. Mar. 25, 2020) (precluding expert testimony based on failure to provide expert reports with Rule 26(a)(2)(B) disclosures).[2]

Defendants propose to file within 10 days their motion to (i) exclude any new, undisclosed opinions of Mr. Saba and (ii) strike Plaintiffs' improper designation of Patricia Plonsker as a retained expert.  If the motion is ultimately granted, Defendants propose to file their motion for summary judgment within 45 days of that ruling.  Defendants will seek summary judgment because Plaintiffs cannot meet their burden of proof—including on the issues of causation and damages—as a matter of law on the current record.

Counsel for Defendants met and conferred with counsel for Plaintiffs, and Plaintiffs do not consent.

                Respectfully submitted,

| | |
|---|---|
| SULLIVAN & CROMWELL LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| By:  /s/ Matthew A. Schwartz<br>  Matthew A. Schwartz<br>  Christopher J. Dunne<br>  Mark A. Popovsky<br>  Maeghan O. Mikorski | By:  /s/ Boris Bershteyn<br>  Boris Bershteyn<br>  Gretchen M. Wolf<br>  Tansy Woan |
| *Attorneys for Defendants Barclays PLC and Barclays Capital Inc.* | *Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.* |

---

[2] In their merits expert disclosure, Plaintiffs also listed a number of other witnesses that Plaintiffs claim they will offer at trial as "non-retained experts."  These supposed "non-retained" experts include the named plaintiffs as well as numerous "Apex" witnesses of Defendants, deposition notices for whom the Court previously quashed because they learned any relevant information "only through protected attorney-client communications."  (ECF 538 at 5).  Plaintiffs' attempt to designate these individuals as experts is a blatant attempt to circumvent the Court's ruling that they do not have relevant, non-privileged testimony to provide.  Defendants reserve all rights to challenge whether these individuals are appropriate "non-retained experts," but Plaintiffs' designations should not prevent Defendants from moving for summary judgment.

| | |
|---|---|
| LOCKE LORD LLP | DAVIS POLK & WARDWELL LLP |
| By: /s/ J. Matthew Goodin<br>   Roger B. Cowie<br>   Gregory T. Casamento<br>   J. Matthew Goodin<br>   Julia C. Webb | By: /s/ Paul Mishkin<br>   Paul S. Mishkin<br>   Adam Mehes<br>   Maude Paquin |
| *Attorneys for Defendants*<br>*HSBC North America Holdings, Inc.*<br>*and HSBC Bank USA, N.A.* | *Attorneys for Defendant*<br>*The Royal Bank of Scotland plc, now known*<br>*as NatWest Markets Plc* |
| SHEARMAN & STERLING LLP | COVINGTON & BURLING LLP |
| By: /s/ Adam S. Hakki<br>   Adam S. Hakki<br>   Richard F. Schwed<br>   Jeffrey J. Resetarits | By: /s/ Andrew A. Ruffino<br>   Andrew A. Ruffino<br>   Andrew D. Lazerow |
| *Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.* | *Attorneys for Defendants Citicorp, Citigroup Inc., and Citibank, N.A.* |

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric J. Stock
   Eric J. Stock

*Attorneys for Defendant UBS AG*